UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC. and OPEN SOCIETY
INSTITUTE,

                              Plaintiffs,        05 Civ. 8209 (VM) (DF)

v.

UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT and
ANDREW S. NATSIOS, in his official capacity as
Administrator of the United States Agency for
International Development,

                              Defendants.
-------------------------------------------------------------x

**DECLARATION OF REBEKAH DILLER**

Rebekah Diller, an attorney duly admitted to practice before the Courts of the State of New York, and this Court, hereby affirms:

1.      I am counsel to the plaintiffs, Alliance for Open Society International ("AOSI") and the Open Society Institute ("OSI").

2.      I make this declaration in support of the plaintiffs' motion for a temporary restraining order to enjoin defendants, pending the resolution of plaintiffs' motion for a preliminary injunction, from taking action against plaintiff AOSI in response to ongoing speech and activities that plaintiffs have identified in their declarations and memorandum of law in support of plaintiffs' motion for a preliminary injunction. These activities include, among other things, using non-government funds to co-sponsor a conference on October 14, 2005 titled *Sex Work, Sexual Rights and Countering the Conservative Sexual Agenda* in New York City, and distributing a publication which recommends that the

legal treatment of sex work be changed as a means of protecting sex workers from abuse by law enforcement personnel, traffickers, and pimps, and as a way of making it easier for sex workers to access health and social services needed in order to remain healthy and risk-aware.

3. Plaintiffs commenced this action by the filing of a Complaint on September 23, 2005. By letter that day, plaintiffs informed the Court that it might become necessary for plaintiffs to seek a temporary restraining order in this matter but that it was too early to know because plaintiffs had not yet had the opportunity to confer with counsel for the defendants, the United States Agency for International Development ("USAID") and its Administrator, Andrew Natsios. After a telephone conference with the Court on September 27, 2005, plaintiffs filed their motion for a preliminary injunction, supporting declarations, and accompanying memorandum of law on September 28, 2005.

4. On October 7, 2005, Plaintiffs received a letter from the USAID mission in Central Asia that warned that advocacy for the legalization of prostitution violates 22 U.S.C. § 7631(f). The letter also stated that organizing sex workers for purposes other than advocating the legalization of prostitution is permissible, while organizing them for the purpose of advocating legalization is not permissible. The letter makes no exception for activities conducted solely with private, non-USAID funds. A true and exact copy of that letter is attached hereto as Exhibit A.

5. At a hearing the afternoon of October 7, 2005, the Court suggested that the parties endeavor to reach a standstill agreement. The Court stated:

> That might entail a certain amount of two-way cooperation and good faith. Clearly if the government commits that it would not take any improvident

> steps to threaten the plaintiffs [sic] funding during this period of time or not to do anything that would jeopardize the operation of the plaintiff or enforce the statute in a way that might ultimately be inconsistent with the issues that are being litigated here, that, perhaps, might go a long way. But that is not to say, on the other hand, that the plaintiff necessarily would be free during this period of time to take the agreement tat it has and say, hey, I said this but I didn't really mean it or make public statements which appear to be contrary to the good faith and the letter and spirit of the commitment it has given.

Transcript of October 7, 2005, Hearing, at 29. A true and exact copy of relevant pages of the transcript is attached hereto as Exhibit B.

6. In light of the Court's suggestion, plaintiffs, by letter, proposed provisions for a standstill agreement yesterday, October 11, 2005. In sum, plaintiffs proposed that AOSI would reaffirm that it has a policy explicitly opposing prostitution as required by 22 U.S.C. § 7631(f) and would agree not to take any action inconsistent with the policy it has adopted and provided to USAID; and that plaintiffs would represent that they had no present intention to deviate from their normal course of business, as described in their declarations and memorandum in support of plaintiffs' motion for a preliminary injunction, with regard to the issues of sex work and sex workers. In exchange, defendants would agree not to take any adverse action against the plaintiffs based on plaintiffs' use of private, non-USAID funds to discuss or advocate the decriminalization of prostitution, fund or distribute the work of others who do so, or to organize sex worker organizations. A true and exact copy of the letter from Rebekah Diller to Richard Rosberger dated October 11, 2005, is attached hereto as Exhibit C.

7. On October 12, 2005, by telephone, Richard E. Rosberger, Esq., who is counsel for the defendants, informed me that defendants would be willing to enter into the following agreement: "During the pendency of the motion defendants would not take

action against AOSI for breach of its certification unless AOSI or any of its subawardees under its grant, at the conference, make statements expressly advocating or supporting the legalization of prostitution or the organizing or unionizing of prostitutes for the purpose of advocating or supporting the legalization of prostitution." Mr. Rosberger also indicated that his clients would not be willing to enter into an agreement permitting plaintiffs to use their private money to advocate any legal changes in the status of prostitution that the plaintiffs feel to be necessary.

8. This agreement is unacceptable to the plaintiffs, because it would require AOSI employees to muzzle themselves during the October 14 conference. Plaintiffs accordingly submit the within formal application for a temporary restraining order.

Dated: October 12, 2005
New York, New York

_____
REBEKAH DILLER