EXHIBIT B

5A7BYAOSH                        HEARING

1    because there is obviously a very clear dispute.
2            If this case can be resolved with a stand-still
3    agreement or the motion practice can be obviated with a
4    stand-still agreement or any other type of agreement, informal
5    or formal, obviously, if that were possible, the parties would
6    do that.  Right now it doesn't appear to be possible.
7            And I hope the lines between the parties remain open
8    throughout the briefing schedule and throughout this
9    litigation.
10           THE COURT:  All right.  Let me suggest the following:
11   Given the time, the hour, the day, et cetera, the shortness of
12   time before the event that is being raised here is the concern.
13           It is clear that given the record we have before us
14   the Court is not in a position, obviously, to rule on the
15   merits as both parties agree.  The government has not had a
16   sufficient time to brief the matter and respond to the very
17   substantial submission made by the plaintiffs and certainly it
18   would not be equitable for the Court to issue any kind of
19   ruling that even suggests a view of a possibility of resolution
20   on the merits as would be required even for a TRO without
21   having the government having a sufficient opportunity to put
22   his views into the record.
23           At the same time, I think that the plaintiffs raise
24   some legitimate concerns given the somewhat broad language in
25   the statute and what it can possibly encompass or what it could

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

31

5A7BYAOSH                HEARING

1    possibly be interpreted by reasonable people and that the
2    plaintiff has given a commitment to comply, but that
3    notwithstanding that commitment, there are still occasions such
4    as this upcoming conference that could create reasonable
5    uncertainty as to why it's not permitted under the statute.
6            Given all of these circumstances, perhaps a reasonable
7    way to approach the issue pending a full resolution of the
8    merits is for the parties to endeavor to find some way of
9    reaching what the Court first stated as a stand-still
10   agreement, at least for the immediate future during the
11   preliminary steps of this litigation.
12           That might entail a certain amount of two-way
13   cooperation and good faith.  Clearly, if the government commits
14   that it would not take any improvident steps to threaten the
15   plaintiffs funding during this period of time or not to do
16   anything that would jeopardize the operation of the plaintiff
17   or enforce the statute in a way that might ultimately be
18   inconsistent with the issues that are being litigated here,
19   that, perhaps, might go a long way.  But that is not to say, on
20   the other hand, that the plaintiff necessarily would be free
21   during this period of time to take the agreement that it has
22   and say, hey, I said this but I didn't really mean it or make
23   public statements which appear to be contrary to the good faith
24   and the letter and spirit of the commitment that it has given.
25           I think that if both sides can approach each other in

32

5A7BYAOSH                    HEARING

1   this light over the course of the next several weeks that
2   perhaps we can obviate the need for the Court to rule -- issue
3   any kind of ruling at this point and give the government the
4   opportunity rightfully it needs to address the issue and also
5   give the plaintiff's assurance that during that period of time
6   the concerns that they may have, legitimate as they may be, are
7   not going to put them in jeopardy.
8          If the parties are prepared at least to think about it
9   in these terms, I think that everybody can come out of this
10  courtroom today reasonably satisfied that nothing is going to
11  happen that would raise the need for additional conflict and
12  decisions by this Court.
13         MR. NEUBORNE:  I just -- I wasn't sure, I might have
14  misheard you.  I would like -- I think it's a terrific idea and
15  we will try very hard early next week to see if we can make it
16  work, but the conference is set for the 14th and I would like
17  to be able to report back to you on Wednesday to let you know
18  whether we were able to reach some sort of agreement.
19         THE COURT:  I am urging the two sides to endeavor to
20  do exactly that.
21         MR. NEUBORNE:  You said the next couple of weeks and I
22  think you meant the next couple of days.
23         THE COURT:  Well, the resolution has to come in the
24  next couple of days, but I'm saying that whatever resolution is
25  worked out is going to be in effect for the next several weeks

33

```
                 5A7BYAOSH                        HEARING
 1     while this matter is sub judicia.
 2              MR. NEUBORNE:  That's what I thought you meant.
 3              THE COURT:  Any response to that?
 4              MR. ROSBERGER:  Your Honor, I will take that to my
 5     client and we will endeavor to do whatever the Court suggests
 6     that we do.
 7              THE COURT:  All right.  Well, I think your client can
 8     be reasonably assured that you have already been given a fair
 9     opportunity to respond to the motion, that the Court is not
10     going to take any precipitous action and make a ruling that
11     will not have taken into account the government's views.
12              On the other hand, we're suggesting that as a measure
13     of good faith the government may wish to see whether some form
14     of accommodation could be found so that we're not in a position
15     of the merits of the issue being made more complicated by
16     action taken by the agency to enforce this action before we
17     have had an opportunity to examine the merits, again, provided
18     that whatever it is that the plaintiffs do is not something
19     that upon its face is a flouting of the statute or the
20     commitment that they made.
21              MR. NEUBORNE:  Sure.
22              THE COURT:  Fair?
23              MR. ROSBERGER:  Again, your Honor, I will go back to
24     my client and indicate what your Honor has suggested.
25              THE COURT:  All right.  Why don't we, perhaps, in
```

Page 31