# EXHIBIT C



BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW

October 11, 2005

**By Facsimile**

Richard Rosberger
Assistant United States Attorney
Office of the United States Attorney
   for the Southern District of New York
86 Chambers Street
New York, NY 10007

    Re:    *Alliance for Open Society International v. USAID*, 05-CV-8209

Dear Mr. Rosberger:

We write on behalf of the plaintiffs, Alliance for Open Society International, Inc. ("AOSI") and the Open Society Institute ("OSI") in the above-referenced action.

In accordance with the Court's suggestion that a standstill agreement among the parties would be a practical way of resolving the concerns underlying plaintiffs' application for a temporary restraining order, plaintiffs suggest the following provisions:

1) AOSI reaffirms that it adheres to the following policy (which it has conveyed to USAID on three prior occasions):

> AOSI and the Soros Foundations in Tajikistan and Kyrgyzstan believe that trafficking and sex work do harm both to the individuals directly involved and to other in various ways. AOSI and the Soros Foundations in Tajikistan and Kyrgyzstan do not promote or advocate such activities. Rather, our approach is to try to reduce the harms caused by disseminating credible information on questions such as prevention of disease, and by providing direct public health assistance to vulnerable populations.

Letter to Richard Rosberger
October 11, 2005
Page 2 of 2

AOSI believes that the above policy complies with 22 U.S.C. § 7631(f) and has no intention to take any action or issue any statements inconsistent with the above policy.

2) AOSI and OSI represent that neither has any present intention of engaging in activities related to sex work or sex workers that deviate from plaintiffs' normal course of business, as described in the memorandum of law in support of plaintiffs' motion for a preliminary injunction and the declarations of Aryeh Neier and Robert Kushen filed in support of the preliminary injunction motion.

3) Defendants will not take any action adverse to AOSI or OSI under 22 U.S.C. § 7631(f), USAID's implementing directive or other rules, or the Cooperative Agreement between AOSI and USAID and the Modifications of Assistance thereto, in response to plaintiffs' use of private, non-USAID funds to engage in any of the following activities in connection with efforts to discuss or promote effective HIV prevention services and human rights advocacy for at-risk populations:
   a. Holding discussions regarding or advocating the decriminalization of prostitution;
   b. Funding organizations or individuals who discuss or advocate the decriminalization of prostitution;
   c. Distributing materials that discuss or advocate the decriminalization of prostitution; or
   d. Encouraging the formation of sex worker organizations.

As we have indicated, plaintiffs would not oppose a more generous briefing schedule on the motion for a preliminary injunction if we can arrive at a standstill agreement.

Sincerely,

Rebekah Diller