UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC. and OPEN SOCIETY
INSTITUTE,

                              Plaintiffs,      05 Civ. 8209 (VM) (DF)

v.

UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT and
ANDREW S. NATSIOS, in his official capacity as
Administrator of the United States Agency for
International Development,

                              Defendants.
-------------------------------------------------------------x

**ORDER TO SHOW CAUSE WITH TEMPORARY
RESTRAINING ORDER AND SCHEDULING ORDER**

Upon the Declaration of Rebekah Diller dated October 12, 2005; the Complaint dated September 23, 2005; the Notice of Motion for a Preliminary Injunction dated September 28, 2005 and accompanying declarations of Burt Neuborne, Rosanna Barbero, Chris Beyrer, Pedro Chequer, Rebekah Diller, Robert Kushen, Ruth Messinger, Maurice Middleberg, and Aryeh Neier, and the exhibits thereto; the Memorandum of Law in Support of Motion of Plaintiffs Alliance for Open Society International ("AOSI") and Open Society Institute ("OSI") for a Preliminary Injunction dated September 28, 2005; and all pleadings and proceedings relevant to this action, it is

ORDERED, that sufficient reason having been shown therefore, pending ruling on Plaintiffs' motion for a preliminary injunction, until further order of this Court and pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants are temporarily restrained and enjoined from taking any action against plaintiff AOSI based on the

2

grounds that AOSI and/or plaintiff OSI have used their private funds from sources other than defendant United States Agency for International Development ("USAID") to engage in any of the following activities in connection with efforts to discuss or promote effective HIV prevention services and human rights advocacy for at-risk populations:

   a. Holding discussions regarding or advocating the decriminalization of prostitution;

   b. Funding organizations or individuals who discuss or advocate the decriminalization of prostitution;

   c. Distributing materials that discuss or advocate the decriminalization of prostitution; or

   d. Encouraging the formation of sex worker organizations; and it is further

ORDERED that personal service of a copy of this Order and the Declaration of Rebekah Diller dated October 12, 2005 upon the attorneys for the Defendants on or before the ___ day of October, 2005, by _____ A.M./P.M., shall be deemed good and sufficient service thereof.

Dated: New York, New York
       October ___, 2005

                                            SO ORDERED:

                                            _____
                                            Hon. Victor Marrero
                                            United States District Judge

2