**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC. *et al.*,

                                Plaintiffs,        **Civil Action No. 05-CV-8209 (VM) (DF)**

v.

UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT *et al.*,

                                Defendants.
-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**PLAINTIFF PATHFINDER INTERNATIONAL**
**FOR A PRELIMINARY INJUNCTION**

Burt Neuborne (BN 9092)
Rebekah Diller (RD 7791)
David S. Udell (DU 4762)
Laura K. Abel (LA 6831)
Aziz Huq (AH 3227)*
Brennan Center for Justice
 at NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, NY  10013
(212) 998-6730

*Attorneys for Plaintiffs*

**\*Not admitted in this District**

## PRELIMINARY STATEMENT

Plaintiff Pathfinder International ("Pathfinder") adopts, and incorporates herein by reference, the preliminary statement from the Memorandum of Law in Support of Motion of Plaintiffs Alliance for Open Society International ("AOSI") and Open Society Institute ("OSI") for a Preliminary Injunction.

## FACTS

Plaintiff Pathfinder adopts, and incorporates herein by reference, the statement of facts from the Memorandum of Law in Support of Motion of Plaintiffs AOSI and OSI for a Preliminary Injunction.

In addition, the following facts are relevant to the instant motion of Plaintiff Pathfinder for a Preliminary Injunction.

**A.    History of the Case**

On September 23, 2005, Plaintiffs AOSI and OSI filed a Complaint, challenging the implementation by Defendants United States Agency for International Development ("USAID") and Andrew Natsios, USAID's Administrator, of 22 U.S.C. § 7631(f).  As implemented by Defendants USAID and CDC, that provision of law requires private non-profit organizations in the United States to adopt the government's ideology opposing sex work in exchange for receipt of government funding to stop the spread of HIV/AIDS.

On September 28, 2005, those Plaintiffs moved for a preliminary injunction against Defendants USAID and Natsios.  Pursuant to a scheduling order dated October 19, 2005 and amended during a telephone conference with the Court on November 8, 2005, Defendants USAID and Natsios were due to answer the Complaint and file their response to the preliminary injunction motion on December 6, 2005.

On December 5, 2005, Plaintiffs AOSI and OSI, together with Plaintiff Pathfinder, filed an Amended Complaint. That Amended Complaint named Pathfinder as a new plaintiff for the first time. The Amended Complaint also named four additional defendants: 1) the U.S. Centers for Disease Control ("CDC"); 2) the CDC's Director Julie Louise Gerberding; 3) the U.S. Department of Health and Human Services ("DHHS");[1] and 4) DHHS Secretary Michael O. Leavitt.

On December 7, 2005, Plaintiff Pathfinder filed its Motion for Preliminary Injunction, supported by the instant memorandum of law. This memorandum of law incorporates the facts asserted by Plaintiffs AOSI and OSI in their Motion for Preliminary Injunction, and adds below facts specific to Plaintiff Pathfinder and to Defendants CDC and DHHS. This memorandum of law incorporates all but two of the legal arguments asserted by Plaintiffs AOSI and OSI.

**B.      Facts Specific to Plaintiff Pathfinder International**

Plaintiff Pathfinder is a non-profit organization that provides access to quality family planning and reproductive health services to women, men, and adolescents throughout the developing world. Pathfinder also works to halt the spread of HIV/AIDS, improve maternal and child health, and prevent unsafe abortions. Pathfinder works in over 20 countries throughout Africa, Latin America, Asia, and the Near East. Pathfinder is based in the United States, and its United States headquarters plays a significant role in conceiving of, funding, supervising, evaluating, and otherwise overseeing Pathfinder's work. Pellegrom Decl. ¶ 4.

Pathfinder's budget for 2005 totals more than $76 million. This funding comes from grants and donations from multiple sources, including Defendants USAID and CDC; several

---

[1] Defendant CDC is an operating agency of Defendant DHHS.

United Nations agencies; the World Bank; the governments of Sweden, Canada, and the

Netherlands; and numerous foundations, corporations and individual donors.  Pellegrom Decl. ¶

5.

Pathfinder carries out a number of programs funded by Defendants that include

HIV/AIDS components, including a project to improve the quality of health services in Peru, a

project to extend service delivery for reproductive health services globally, and a project to

implement a program to prevent mother-to-child HIV transmission in Kenya.  Plaintiff

Pathfinder rigorously complies with the federal rule that mandates that this funding not be used

"to promote or advocate the legalization or practice of prostitution or sex trafficking."  22 U.S.C.

§ 7631(e).  Pellegrom Decl. ¶¶ 8, 15-16.

Plaintiff Pathfinder is also bound by the federal requirement that it adopt a policy

"explicitly opposing prostitution."  22 U.S.C. § 7631(f) ("the pledge requirement").  This

requirement, and USAID's implementation of it, are described in the Memorandum of Law in

Support of Motion of Plaintiffs AOSI and OSI for a Preliminary Injunction.

On information and belief, in all relevant respects Defendant CDC is implementing the

pledge requirement in the same manner as Defendant USAID.   Upon information and belief,

CDC did not enforce the pledge requirement against U.S.-based non-governmental grantees for

at least some of the period between enactment of the Global AIDS Act and May 2005.

Beginning on or about May 2005, CDC began requiring non-governmental organizations based

in the U.S. to have "a policy explicitly opposing prostitution and sex trafficking."  The CDC has

not defined the term "explicitly opposing prostitution" nor has it issued guidance to the public

explaining which types of activities are permissible and impermissible under this restriction.

Pellegrom Decl. ¶¶ 10, 12, 13.

3

Solely in order to comply with the pledge requirement, in July 2005 Pathfinder adopted

the following policy:

> In order to be eligible for federal funding for HIV/AIDS,
> Pathfinder opposes prostitution and sex trafficking because of the
> harm they cause primarily to women.  Pathfinder's HIV/AIDS
> programs seek to promote effective ways to prevent the
> transmission of HIV/AIDS and to reduce the suffering caused by
> HIV/AIDS. In order to achieve these goals, Pathfinder works with,
> and provides assistance and support to and for, many vulnerable
> groups, including women who are commercial sex workers, who, if
> not effectively reached by HIV/AIDS programs, will suffer and
> can become drivers of the HIV/AIDS epidemic.

Pellegrom Decl. ¶ 17.

This policy complies with Pathfinder's interpretation of the pledge requirement.

However, the Defendants' implementation of the pledge requirement is so vague that Pathfinder

does not know whether Defendants will apply an overly broad interpretation of the pledge

requirement to Pathfinder's policy and thereby find Pathfinder out of compliance.  Pellegrom

Decl. ¶ 21.

Plaintiff Pathfinder does not know how broadly the Defendants interpret the pledge

requirement.  However, at a minimum, Defendants CDC and USAID are implementing the

pledge requirement to obligate Plaintiff Pathfinder to adopt a policy against its wishes, and to bar

Pathfinder from using its non-USAID funding to engage in activities that Pathfinder believes are

critical to fighting HIV/AIDS.  As an international development organization operating in many

countries, each with its own culture and legal system, Pathfinder is careful to take policy

positions only after careful study and deliberation.  For this reason, aside from the anti-

prostitution policy Pathfinder has adopted at the Defendants' insistence, Pathfinder has based its

policy positions on its own experience promoting access to health care in the developing world.

Pellegrom Decl. ¶ 20.

Pathfinder uses funds from sources other than the U.S. government to engage in a significant amount of activity that could be barred by an overly broad construction of the pledge requirement's blanket ban on the use of Pathfinder's non-U.S. government funds to do work that Defendants construe as being insufficiently opposed to sex work. Pathfinder firmly believes that it is complying with the pledge requirement, but it does not know whether the Defendants agree. Pellegrom Decl. ¶ 24.

There are several categories of Pathfinder's work that it fears the Defendants might construe as violating an overly broad construction of the pledge requirement. First, Pathfinder uses private funds to organize sex workers in India so that they are able to collectively agree to engage in HIV prevention methods, such as using condoms. Pathfinder's intent in doing this work is to promote the health, human rights and well-being of sex workers. However, like other international development organizations, Pathfinder seeks to assist the sex workers in achieving the goals the sex workers themselves identify. Pathfinder fears that should the sex worker organizations it has fostered or cooperated with pursue goals that Defendants view as being inconsistent with opposition to prostitution, Defendants may subject Pathfinder to penalties. Pellegrom Decl. ¶¶ 26-27.

Second, Pathfinder uses non-government funds to conduct outreach, including to brothel owners and pimps, in an attempt to foster safer sex practices. Although Pathfinder believes that this outreach does not violate the pledge requirement, it fears that Defendants may construe the pledge requirement overly broadly to bar this outreach. Pellegrom Decl. ¶ 28.

Third, Pathfinder uses its funding from sources other than the United States government to engage in policy advocacy within the United States on issues including the conditions facing women and their families in developing countries, and how U.S. government policies affect

family planning and HIV/AIDS service delivery overseas.  A broad interpretation of the pledge

requirement would significantly impede Pathfinder's ability to engage in this advocacy.  For

example, were the Defendants to construe the pledge requirement as barring Pathfinder from

using its funding from sources other than the U.S. government to favorably discuss the

decriminalization of prostitution, Pathfinder could be barred from freely discussing the lessons of

its experience doing HIV/AIDS prevention work in Brazil because this program included work

with local organizations that advocated to change regulations around sex work.  Pellegrom Decl.

¶ 31.

    Finally, the Defendants' construction of the pledge requirement prevents Pathfinder from

working with community organizations in Brazil that, as part of their efforts to limit exploitation

of sex workers, have sought to change the legal regime surrounding commercial sex work.

Although Pathfinder has engaged in this type of work in the past, it understands that the

Defendants would likely construe this work as violating the pledge requirement, and it is not

currently engaged in this work.  Were the pledge requirement either lifted or construed in a

manner that would allow Pathfinder to resume this important work, Pathfinder would be

interested in doing so.  Pellegrom Decl. ¶¶ 29-31.

### ARGUMENT

    Plaintiff Pathfinder adopts, and incorporates herein by reference, the following portions

of the Argument from the Memorandum of Law in Support of Motion of Plaintiffs AOSI and

OSI for a Preliminary Injunction:  sections I.A1, I.B.1, I.B.2, I.C, and II (i.e. all portions of the

Argument except sections I.A.2 and I.B.3, which are specific to plaintiff OSI).

## CONCLUSION

Plaintiff Pathfinder adopts, and incorporates herein by reference, the Conclusion from the Memorandum of Law in Support of Motion of Plaintiffs AOSI and OSI for a Preliminary Injunction.  In addition, Pathfinder states that it is entitled to a preliminary injunction that does each of the following:

(1) bars defendants United States Agency for International Development ("USAID"); Andrew Natsios, Administrator of USAID; the United States Department of Health and Human Services ("DHHS"); Michael O. Leavitt, Secretary of DHHS; the United States Centers for Disease Control and Prevention ("CDC"); and Julie Louise Gerberding, Director of CDC (collectively, "defendants"), from discontinuing and/or delaying the funding of plaintiff Pathfinder pending a final ruling on the merits;

(2) bars defendants from unilaterally terminating any cooperative agreement, contract or grant with Pathfinder; causing the termination of any subagreement to which Pathfinder is a party; seeking a refund of moneys disbursed under any cooperative agreement, contract, grant or subagreement; debarring Pathfinder; or otherwise taking action against Pathfinder, on the grounds that Pathfinder has used its private funding to engage in any privately funded actions protected by the First Amendment, including but not limited to:

> a)      Organizing sex workers and working cooperatively with partner organizations composed of individuals involved in sex work in India, Ethiopia, and elsewhere;
>
> b)      Conducting outreach to brothel owners and pimps in an attempt to foster safer sex practices and assist sex workers;
>
> c)      Engaging in advocacy, within the U.S. and abroad, to improve HIV/AIDS service delivery in developing countries, including advocacy concerning how legal regimes criminalizing and regulating sex work may affect those efforts;

7

      d)     Working with community organizations in Brazil that, as part of their efforts to limit exploitation of sex workers, have sought or may seek to change laws and regulations surrounding commercial sex work so that they do not serve as a pretext for brothel owners, corrupt police and others to abuse sex workers.

(3) granting such other and further relief as the Court shall deem proper.


Dated:  December 7, 2005

                         Respectfully submitted,

                         /s/ Rebekah Diller

                         _____

                         Burt Neuborne (BN 9092)
                         Rebekah Diller (RD 7791)
                         David S. Udell (DU 4762)
                         Laura K. Abel (LA 6831)
                         Aziz Huq (AH 3227)*
                         Brennan Center for Justice
                          at NYU School of Law
                         161 Avenue of the Americas, 12th Floor
                         New York, NY  10013
                         (212) 998-6730

                         *Attorneys for Plaintiffs*

*Not admitted in this District

8