MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     RICHARD E. ROSBERGER (RR-1632)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2716
Fax:  (212) 637-2730

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, :
INC., OPEN SOCIETY INSTITUTE, and PATHFINDER :
INTERNATIONAL,                                  :
                                Plaintiffs,     :      05 Civ. 8209 (VM)
                                                :
            v.                                  :
                                                :
                                                :
                                                :
UNITED STATES AGENCY FOR INTERNATIONAL          :      **ANSWER**
DEVELOPMENT and ANDREW S. NATSIOS, in his       :
Official Capacity as Administrator of the United States :
Agency for International Development, and his successors; :
                                                :
UNITED STATES DEPARTMENT OF HEALTH AND          :
HUMAN SERVICES and MICHAEL O. LEAVITT, in his   :
official capacity as Secretary of the U.S. Department of :
Health and Human Services, and his successors; and :
                                                :
UNITED STATES CENTERS FOR DISEASE CONTROL :
AND PREVENTION and JULIE LOUISE GERBERDING, :
in her official capacity as Director of the U.S. Centers for :
Disease Control and Prevention, and her successors, :
                                                :
                                Defendants.     :
                                                :
------------------------------------------------------------------------x

Defendants United States Agency for International Development and Andrew S. Natsios in his official capacity as its Administrator (collectively, "USAID"), United States Department of Health and Human Services and Michael O. Leavitt, in his official capacity as its Secretary, and

United States Centers for Disease Control and Prevention and Julie Louise Gerberding in her official capacity as its Director (collectively, "HHS"), by their attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint upon information and belief as follows:

1. Deny the allegations contained in paragraph 1 of the Amended Complaint.

2. Deny the allegations contained in paragraph 2 of the Amended Complaint, except admit that Alliance for Open Society International, Incorporated ("AOSI") and Pathfinder International ("Pathfinder") are nongovernmental organizations that are based in the United States, and deny knowledge or information sufficient to state a belief as to the truth of the allegation that Open Society Institute ("OSI"; collectively with AOSI, "AOSI/OSI") is a "not-for profit charitable foundation."

3. State that paragraph 3 of the Amended Complaint purports to state a conclusion of law with respect to the jurisdiction and venue of this Court and, therefore, a response is not required. To the extent a response is required, denied.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint, except admit that OSI has

received funding from USAID in the past.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint, except admit that Pathfinder receives funding from USAID and HHS.

14. Admit the allegations contained in paragraph 14 of the Amended Complaint.

15. Admit the allegations contained in paragraph 15 of the Amended Complaint.

16. Admit the allegations contained in paragraph 16 of the Amended Complaint.

17. Admit the allegations contained in the first sentence of paragraph 17 of the Amended Complaint, and state that the allegations contained in the second sentence of paragraph 17 purport to characterize the capacity in which defendant Andrew S. Natsios is sued, and therefore, a response is not required.

18. Admit the allegations contained in paragraph 18 of the Amended Complaint.

19. Admit the allegations contained in paragraph 19 of the Amended Complaint.

20. Admit the allegations contained in paragraph 20 of the Amended Complaint.

21. Admit the allegations contained in the first sentence of paragraph 21 of the Amended Complaint, and state that the allegations contained in the second sentence of paragraph 21 purport to characterize the capacity in which defendant Michael O. Leavitt is sued, and therefore, a response is not required.

22. Admit the allegations contained in paragraph 22 of the Amended Complaint.

23. Admit the allegations contained in paragraph 23 of the Amended Complaint.

24. Admit the allegations contained in paragraph 24 of the Amended Complaint.

25. Admit the allegations contained in the first sentence of paragraph 25 of the Amended Complaint, and state that the allegations contained in the second sentence of paragraph 25 purport to characterize the capacity in which defendant Julie Louise Gerberding is sued, and therefore, a response is not required.

26. Admit the allegations contained in paragraph 26 of the Amended Complaint.

27. State that the allegations contained in paragraph 27 of the Amended Complaint purport to characterize the United States Leadership Against HIV/AIDS, Tuberculosis, and Malaria Act of 2003 ("Leadership Act"), 22 U.S.C. § 7601 et seq., for which no response is required, and respectfully refer the Court to the Act for a complete and accurate description of its contents and focus, and deny the allegations contained in the third sentence.

28. Admit the allegations contained in paragraph 28 of the Amended Complaint.

29. State that the allegations contained in paragraph 29 of the Amended Complaint purport to characterize certain provisions in the Leadership Act, including 22 U.S.C. § 7631(e), for

which no response is required, and respectfully refer the Court to the Leadership Act and 22 U.S.C. § 7631(e) for a full and complete recitation of their contents, except deny that the Act "imposes" restrictions on entities seeking funding under the Act.

30. State that the allegations contained in paragraph 30 of the Amended Complaint purport to characterize the nature of Plaintiffs' claims and therefore a response is not required.

31. State that the allegations contained in paragraph 31 purport to characterize the nature of a provision in the Leadership Act, 22 U.S.C. § 7631(f) (the "organizational eligibility restriction") for which no responses is required, and respectfully refer the Court to the Leadership Act and its provisions for a full and complete recitation of their contents, except admit that the Act does not define "opposing prostitution."

32. Deny the allegations contained in paragraph 32 of the Amended Complaint, and respectfully refer the Court to the full legislative history of the Leadership Act for a full description of its contents.

33. Deny knowledge or information sufficient to state a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except deny the government "force[s] them to adopt a policy position."

34. Deny the allegations contained in paragraph 34 of the Amended Complaint, and aver that between February 2004 and June 2005, USAID did not require that grant or cooperative agreements with United States-based non-governmental organizations, which were funded with funds under the Leadership Act, contain certain language that was set forth in USAID Acquisition & Assistance Policy Directive (AAPD) 05-04 (June 9, 2005), providing, among other things, that "as a condition of entering into this agreement or any subagreement, a non-governmental

organization or public international organization recipient/subrecipient must have a policy explicitly opposing prostitution and sex trafficking," and respectfully refer the Court to AAPD 05-04 for a complete and accurate recitation of its contents. Defendants further state that the remaining allegations contained in paragraph 34 refer to a purported draft opinion of the United States Department of Justice that, if made, would be protected by the attorney-client privilege and attorney work product doctrines.

35. State that the allegations contained in paragraph 35 of the Amended Complaint contain purported opinions of the United States Department of Justice that, if made, would be protected by the attorney-client privilege and attorney work product doctrines.

36. Deny the allegations contained in paragraph 36 of the Amended Complaint, and aver, with respect to the second sentence of paragraph 36, that AAPD 05-04 provided that grant or cooperative agreements with United States-based non-governmental organizations, which were funded with certain funds under the Leadership Act, must contain certain language stating, among other things, that "as a condition of entering into this agreement or any subagreement, a non-governmental organization or public international organization recipient/subrecipient must have a policy explicitly opposing prostitution and sex trafficking," and respectfully refer the Court to AAPD 05-04 for a full and accurate recitation of its contents

37. Deny the allegations contained in paragraph 37 of the Amended Complaint, and aver that as of May 2005, HHS required that all new program announcements for its grant and cooperative agreements that were funded under the Leadership Act in 2005 contain a standard provision entitled "Prostitution and Related Activities," providing, among other things, that, as a condition of funding, any funding recipients, including U.S.-based NGOs and non-U.S.-based

NGOs "must have a policy explicitly opposing prostitution." See, e.g. 70 F.R. 29759.

38. Deny the allegations contained in paragraph 38 of the Amended Complaint, and aver that as of May 2005, HHS required that all new program announcements for its grant and cooperative agreements that were funded under the Leadership Act in 2005 contain a standard provision entitled "Prostitution and Related Activities," providing, among other things, that, as a condition of funding, any funding recipients, including U.S.-based NGOs and non-U.S.-based NGOs "must have a policy explicitly opposing prostitution." See, e.g., 70 F.R. 29759.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint to the extent that HHS has issued program announcements, such as 70 F.R. 29759.

40. Deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint, and aver that Dr. Kent Hill, the then-acting assistant administrator of the USAID Bureau for Global Health, met with representatives of AOSI/OSI, during which he provided guidance on the conduct that would be inconsistent with having a policy explicitly opposing prostitution.

43. Deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Deny the allegations contained in paragraph 45 of the Amended Complaint, and aver that Christopher D. Crowley, a USAID Mission Director, sent a letter, dated October 7, 2005, to Galina Karmanova, of AOSI, and respectfully refer the Court to a copy of the October 7, 2005 letter for a complete and accurate description of its contents. See Declaration of Richard E. Rosberger, executed January 4, 2006, Exhibit D.

46. Deny the allegations contained in the first sentence of paragraph 46 of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 46.

47. Deny the allegations contained in the last sentence of paragraph 47 of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint, except admit that members of Congress sent a letter to USAID, dated July 15, 2005, and respectfully refer the Court to a copy of that letter for a true and complete description of its contents, see Declaration of Rebekah Diller, executed September 22, 2005, Exhibit 10, attached to AOSI/OSI's Notice of Motion for Preliminary Injunction, and aver that USAID responded to the letter.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50. Deny the allegations contained in paragraph 50 of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint.

52. Deny the allegations contained in paragraph 52 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint with respect to how AOSI, OSI or its clients feel it affects them.

53. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 53 of the Amended Complaint.

54. State that the allegations contained in paragraph 54 of the Amended Complaint purport to state conclusions of law with respect to the Leadership Act for which a response is not required, except deny that the any organizations seeking funding under the Leadership Act is forced to adopt a policy.

55. State that the allegations contained in paragraph 55 of the Amended Complaint purport to state conclusions of law with respect to the Leadership Act for which a response is not required.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58. Admit the allegations in paragraph 58 of the Amended Complaint that, in many regions, HIV/AIDS infection and transmission rates are often concentrated in small populations of people engaged in high-risk behaviors, including prostitutes, trafficked humans and injecting drug users, and deny the allegations in the second sentence of paragraph 58 on the ground that they imply that there is uniformity of opinion on the best way to combat the spread of HIV/AIDS.

59. Deny the allegations contained in paragraph 59 of the Amended Complaint on the ground that they imply that there is uniformity of opinion on the best way to combat the spread of HIV/AIDS.

60. Deny the allegations contained in paragraph 60 of the Amended Complaint on the ground that they imply that there is uniformity of opinion on the best way to combat the spread of

HIV/AIDS.

61. Deny the allegations contained in paragraph 61 of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 62 of the Amended Complaint, and deny the remaining allegations in the second sentence of paragraph 62.

63. Deny knowledge or information sufficient to form a belief as to the reasons that the entities described in paragraph 63 of the Amended Complaint have taken the action that they have allegedly taken, and deny that the organizational eligibility restriction impedes efforts to fight the spread of HIV/AIDS.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint.

68. Deny the allegations contained in paragraph 68 of the Amended Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70. Deny the allegation contained in paragraph 70 of the Amended Complaint, and respectfully refer the Court to AAPD 05-04, see Exhibit 3 to the declaration of Rebekah Diller,

attached to AOSI/OSI Notice of Motion for Preliminary Injunction, for a full and complete recitation of its contents.

71.  Deny the allegations contained in paragraph 71 of the Amended Complaint.

72.  State that the allegations contained in paragraph 72 of the Amended Complaint purport to state conclusions of law, for which no response is required. To the extent a response is required, denied.

73.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint, except admit that USAID maintains a five-year cooperative agreement with AOSI in the amount of $16,507,402.

75.  State that the allegations contained in paragraph 75 of the Amended Complaint purport to state conclusions of law, for which no response is required, except admit that OSI is not a party to the cooperative agreement with USAID.

76.  Deny the allegations contained in paragraph 76 of the Amended Complaint.

77.  Deny knowledge or information sufficient to state a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint, except deny the allegations to the extent that they imply that any organization is compelled to speak.

78.  Deny the allegations contained in paragraph 78 of the Amended Complaint, except admit that an e-mail, dated June 15, 2004, was sent from Robert Kushen, AOSI, to Kerry Pelzman, and aver that USAID responded to that e-mail, and respectfully refer the Court to the documents for a full and accurate recitation of their contents. See Declaration of Robert Kushen, executed

September 16, 2005, Exhibit B, attached to AOSI/OSI Notice of Motion for Preliminary Injunction.

79. Deny the allegations contained in paragraph 79 of the Amended Complaint.

80. Deny the allegations contained in paragraph 80 of the Amended Complaint.

81. Deny the allegations contained in paragraph 81 of the Amended Complaint, except admit that a letter, dated August 2, 2005, was sent by USAID to AOSI, and respectfully refer the Court to a copy of the letter for a true and accurate description of its contents. See Declaration of Aryeh Neier, executed September 13, 2005, Exhibit D, attached to AOSI/OSI Notice of Motion for Preliminary Injunction.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint, except admit that the Government and AOSI have entered into a Modification of Assistance Agreement with respect to the Drug Demand Reduction Program.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint, except admit that AOSI sent a copy of a Modification of Assistance Agreement that it had signed to USAID, with a cover letter, and respectfully refer the Court to that letter for a full and accurate description of its contents. See Declaration of Robert Kushen, executed September 16, 2005, Exhibit C, attached to AOSI/OSI Notice of Motion for Preliminary Injunction.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint.

85. Deny knowledge or information sufficient to establish a belief as to the truth of

the allegations contained in paragraph 85 of the Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86 of the Amended Complaint, and deny the allegations of the second sentence on the ground that they imply that Pathfinder was compelled to speak.

87. Deny the allegations contained in paragraph 87 of the Amended Complaint.

88. Deny the allegations in paragraph 88 of the Amended Complaint to the extent that they allege that Pathfinder was compelled to speak as a result of the organizational eligibility restriction, and deny knowledge or information to form a belief as to the remaining allegations in the paragraph.

88(a). Deny the allegations contained in paragraph 88(a) of the Amended Complaint, except deny knowledge or information with respect to the allegations in the second sentence.

89. Deny the allegations contained in paragraph 89 of the Amended Complaint to the extent that they refer to the organizational eligibility restriction as a pledge requirement, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint.

94. Deny the allegations contained in the first and last sentence of paragraph 94 of the Amended Complaint, and deny information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint.

97. Deny the allegations contained in paragraph 97 of the Amended Complaint.

98. Deny the allegations contained in paragraph 98 of the Amended Complaint.

99. Deny the allegations contained in paragraph 99 of the Amended Complaint.

100. Deny the allegations contained in paragraph 100 of the Amended Complaint.

101. Deny the allegations contained in paragraph 101 of the Amended Complaint.

## FIRST DEFENSE

Defendants have not violated any of Plaintiffs' constitutional rights.

## SECOND DEFENSE

Defendants are properly applying the Leadership Act.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendants.

## FOURTH DEFENSE

Plaintiffs' Complaint should be dismissed on the pleadings.

## FIFTH DEFENSE

Plaintiffs lack standing.

WHEREFORE, Defendants respectfully demand judgment dismissing the Complaint and granting such further relief as this Court deems just.

Dated: New York, New York
January 13, 2006

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for Defendants

By:   RICHARD E. ROSBERGER (RR-1632)
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel. No.: (212) 637-2716
       Fax No.: (212) 637-2730