**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC., OPEN SOCIETY INSTITUTE, and PATHFINDER INTERNATIONAL,<br><br>              Plaintiffs,<br><br>     v.<br><br>UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, and ANDREW S. NATSIOS, in his Official Capacity as Administrator of the United States Agency for International Development, and his successors;<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and MICHAEL O. LEAVITT, in his official capacity as Secretary of U.S. Department of Health and Human Services, and his successors, and<br><br>UNITED STATES CENTERS FOR DISEASE CONTROL AND PREVENTION and JULIE LOUISE GERBERDING, in her official capacity as Director of U.S. Centers for Disease Control and Prevention, and her successors;<br><br>              Defendants. | DOCKET NO. 05-CV-8209 (VM)<br><br>**ECF Case**<br><br>MOTION TO PARTICIPATE AS <u>AMICUS</u> <u>CURIAE</u> IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION |

**PLEASE TAKE NOTICE** that InterAction, by its attorneys Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. (Lawrence S. Lustberg, Esq. and Megan Lewis, Esq.), move to participate in the above-captioned matter as <u>amicus</u> <u>curiae</u>. InterAction will move to participate as <u>amicus</u> <u>curiae</u> based upon the reasons set forth below and in the Memorandum of Law of Proposed Amicus Curiae InterAction In Support Of Plaintiffs' Motion For a Preliminary Injunction filed herewith.

1.      Proposed <u>Amicus</u> <u>Curiae</u> InterAction is the largest existing alliance of United States-based international development and humanitarian nongovernmental organizations

("NGOs"). With one hundred and sixty member organizations operating in every developing country, and with its own headquarters in the United States, InterAction works to overcome poverty, exclusion and suffering by advancing social justice and dignity for all. InterAction includes member organizations headquartered in 25 states. Both faith-based and secular, these organizations foster economic and social development; provide relief to those affected by disaster and war; assist refugees and internationally displaced persons; advance human rights; support gender equality; protect the environment; address population concerns; and press for more equitable, just, and effective policy.

2.    The touchstone of a district court's determination of whether to grant a motion for leave to participate as amicus curiae is whether such participation may be of assistance to the court. See, e.g., Onondaga Indian Nation v. State of New York, 1997 WL 369389, *2 (N.D.N.Y. June 25, 1997) (participation as amicus curiae should be allowed when it will help "insur[e] a complete and plenary presentation of [potentially] difficult issues so that the court may reach a proper decision") (citing United States v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)); Rutigliano v. Appleton Papers, Inc., 2000 WL 1705152, *5 (D.N.J. Oct. 6, 2000) (courts should permit the filing of amicus briefs when they are "timely and useful."). Thus, where a movant has an adequate interest in the matter, and addresses relevant issues in a manner that makes its participation desirable, leave to participate as amicus should be granted. See Neonatology Associates, P.A. v. Comm'r Internal Revenue, 293 F.3d 128, 133 (3d Cir. 2002).

3.    In 2003, Congress enacted the United States Leadership Against HIV/AIDS, Tuberculosis and Malaria Act of 2003 ("the Global Aids Act"), 22 U.S.C. § 7601 et seq., which authorizes the appropriation of $15 billion over a five year period to fight HIV/AIDS worldwide through education, research, prevention, treatment and care. In 2003, Congress required that private recipients of federal Global AIDS Act funds adopt "a policy explicitly opposing prostitution and sex trafficking." 22 U.S.C. § 7631(f) (hereinafter "the pledge requirement").

4.     Many of InterAction's members are United States based recipients of Global AIDS Act funds and thus have a direct interest in the pledge requirement. These organizations have been forced to adopt this policy as a condition of their continued receipt of such funds.

5.     Thus, the application of the pledge requirement is of vital concern to InterAction's members. InterAction submits this brief in order to explain why the pledge requirement violates the First Amendment rights of its members and how it undermines the core democratic principles that undergird the protections afforded to associations in American life.

6.     Accordingly, InterAction respectfully requests leave of this Court to participate as <u>amicus</u> <u>curiae</u>.

WHEREFORE, InterAction hereby respectfully requests that this Court issue an order allowing it to file the attached Memorandum of Law.

                Respectfully submitted,

                _____/s/_____
                Lawrence S. Lustberg, Esq. (LL1644)
                Megan Lewis, Esq. (ML3429)
                GIBBONS, DEL DEO, DOLAN,
                GRIFFINGER & VECCHIONE, P.C.
                *Attorneys for Amicus Curiae*
                One Riverfront Plaza
                Newark, New Jersey 07102-5496
                (973) 596-4500

Dated:   January 19, 2006