# BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW

August 4, 2006

**By Facsimile**

Hon. Victor Marrero, U.S.D.J.
United States District Court
  for the Southern District of New York
40 Centre Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-7-06

Re: *Alliance for Open Society International v. USAID*, 05-CV-8209

Dear Judge Marrero:

I write as counsel for Plaintiffs in the above-referenced matter to request a pre-motion conference pursuant to Your Honor's Individual Practices. Plaintiffs request permission to file a motion seeking leave to file a Second Amended Complaint to add InterAction and the Global Health Council ("GHC") as additional plaintiffs. InterAction and GHC, both membership organizations, also request permission to move for a preliminary injunction enjoining enforcement of the anti-prostitution policy requirement contained in 22 U.S.C. § 7631(f) (the "Policy Requirement") against their members.

InterAction and GHC have associational standing to assert their members' claims, which are legally and factually similar to those of Plaintiffs Pathfinder International and Alliance for Open Society International, Inc. ("AOSI") upon which this Court has already ruled. InterAction is a non-profit, membership organization composed of 160 U.S.-based international development and humanitarian non-profit organizations, many of which have been forced by the Policy Requirement to restrict their privately funded speech in order to receive HIV/AIDS funding from the Defendants. GHC, a non-profit membership organization devoted to promoting international public health, has as members many prominent U.S. non-profit, academic, and for-profit organizations that conduct programs to address HIV/AIDS in the developing world. At least 43 of GHC's members receive funds from the Defendants encumbered by the Policy Requirement.

Plaintiffs seek to amend the complaint to add these new plaintiffs because, notwithstanding the Court's Decision and Order dated May 9, 2006 ("Decision") and the identical claims possessed by InterAction and GHC members, Defendants persist in enforcing the Policy Requirement against funding recipients who are not parties to this action. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 21 similarly allows parties to be added as plaintiffs "by order of the court . . . at any stage of the action and on such terms as are just." Under Rule 15(a), "[l]eave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro.*

Letter to the Hon. Victor Marrero
August 4, 2006
Page 2 of 2

*Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). The interests of justice favor permitting the addition of these new parties, whose First Amendment rights continue to be violated.

Moreover, none of the grounds to deny leave to amend exists here. Plaintiffs have acted in good faith, alerting the Defendants and the Court to the possibility of additional plaintiffs at the earliest date possible following the Court's as-applied ruling. *See* Letter from Rebekah Diller to the Hon. Victor Marrero (May 25, 2006), at 1. Plaintiffs have not unduly delayed seeking leave to amend and the Second Amended Complaint will not prejudice the Defendants. As this Court has noted in a similar case, "Defendants can hardly be heard to complain of undue delay or prejudice because this case has not even proceeded to discovery." *Spanierman Gallery, PSP v. Love*, 320 F. Supp. 2d 108, 113 (S.D.N.Y. 2004) (Marrero, J.). The addition of the new parties will not be futile because their claims are the same meritorious claims upon which the Court has already ruled.

InterAction and GHC seek to file a preliminary injunction motion on the grounds that they are substantially likely to prevail on the merits of their First Amendment claims and that their members are suffering irreparable harm. As the Court has already decided, the Policy Requirement is not narrowly tailored to achieve Congress's goals, applies a viewpoint discriminatory restriction on recipients' privately funded speech, and unconstitutionally compels speech. *See* Decision at 91-109. Defendants' application of the Policy Requirement to InterAction's and GHC's members is identical to the way Defendants have applied the requirement to AOSI and Pathfinder International.

The members of both organizations will suffer irreparable harm in the absence of preliminary injunctive relief. For example, the policy requirement threatens the privately funded HIV prevention work of CARE, a GHC and InterAction member, with sex worker organizations in India and Bangladesh, as well as its ability to discuss the lessons of this work in the U.S. and abroad. Likewise, while the Policy Requirement is in place, GHC member IntraHealth is unable to consider freely the development of new, privately funded initiatives aimed at removing barriers to health care for sex workers.

Plaintiffs had hoped to avoid time-consuming motion practice on this issue. To that end, Plaintiffs wrote to Defendants a week ago to seek their consent to the proposed motions, requesting a response by yesterday. In order to facilitate Defendants' consideration of this matter, Plaintiffs presented to Defendants four declarations that will be submitted in support of the motions.[1] However, Defendants have not responded to Plaintiffs' letter. As a result, Plaintiffs seek this pre-motion conference.

Sincerely,

Rebekah Diller

Cc: Richard Rosberger

---

[1] The declarations presented to Defendants were of Julia Taft, Interim President and Chief Executive Officer of InterAction; Nils Daulaire, President and Chief Executive Officer of GHC; Helene Gayle, Chief Executive Officer of CARE, a member of both InterAction and GHC; and Pape Gaye, Chief Executive Officer of IntraHealth, a GHC member.

161 AVENUE OF THE AMERICAS, 12TH FLOOR • NEW YORK, NY 10013 • 212 998 6730 • FAX 212 995 4550 • www.brennancenter.org

---

*Handwritten stamp/annotation (left margin):* Request GRANTED. A status conference herein is scheduled for 8-11-06 at 1:30 p.m. to address the matter described above by plaintiffs' counsel 8/4/06. Therefore the parties stipulated to this proposed amendment of the complaint.

SO ORDERED.

/s/ Victor Marrero, U.S.D.J.
DATE: 8-4-06