

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

August 9, 2006

**BY FACSIMILE (212-805-6382)**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
40 Centre Street, Room 414
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-10-06

    Re:    Alliance for Open Society Int'l v. USAID, 05 Civ. 8209 (VM)

Dear Judge Marrero:

    The Government Defendants hereby respond to Plaintiffs' letter, dated August 4, 2006, requesting a pre-motion conference. Plaintiffs indicate that they intend to move to amend the complaint to add two membership organizations, InterAction and Global Health Council, as additional plaintiffs, and that, if such motion is granted, those two proposed organizational plaintiffs would move for a preliminary injunction enjoining enforcement of the Policy Requirement contained in 22 U.S.C. § 7631(f) against their members.

    Defendants intend to oppose any such motions. At the outset, neither InterAction nor Global Health Council receives HIV/AIDS funding from the United States under the Leadership Act. In this respect, they are similarly situated to OSI, which lacks standing and is excluded from the Court's Preliminary Injunction Order.

    Furthermore, the two proposed organizational plaintiffs lack standing to represent their members in this case because, among other things, the nature of the asserted claim and the relief sought makes individual participation of each alleged injured party indispensable to the proper resolution of the case. Harris v. McRae, 448 U.S. 297, 320 (1980) (holding that the participation of individual members required where "essential to a proper understanding and resolution of their ... claims"). Based on the declarations that the Plaintiffs sent to Defendants, the proposed organizational plaintiffs have broad-based goals and purposes, and are composed of a large number of diverse members with a wide array of interests.

    For example, according to its declaration, InterAction is composed of organizations that are "both faith-based and secular and operate in every country in the developing world," and that work in diverse areas "to foster economic and social development; promote public health; provide relief to those affected by disaster and war; assist refugees and internally displaced persons; advance human rights; support gender equality; [and] protect the environment . . . ." It further states that 71 of its 161 members provide health care services relating to HIV/AIDS, and only "some" of those services "target" prostitutes. Likewise, Global Health Council has attested

that it has 325 members, including foreign and domestic organizations, non-profits, for-profits, a governmental entity, colleges and universities, and individuals, which address a broad spectrum of health issues, including "child health, women's health, reproductive health and infectious disease." According to Global Health Council, only 43 of its members are U.S. based organizations that receive funding under the Leadership Act.

Here, associational standing is absent because the First Amendment claims asserted require individualized proof from each of the association's members that, among other things, their speech is unduly burdened by the Policy Requirement, that their use of private funds is improperly constrained, and that they have been compelled to speak. See, e.g., Harris, 448 U.S. at 320-21 (denying associational standing in free exercise claim where such claim required a showing that the challenged statute had a coercive effect on individual's practice of religion). In addition, in granting the Plaintiffs' motion for preliminary injunction, this Court made clear that it was addressing their as-applied challenges and basing its decision on the facts presented by the parties. The Court's Preliminary Injunction Order itself takes an individualized approach in the context of enforcement against Plaintiffs' sub-organizations, requiring a showing that any such sub-organization is "factually and legally similarly situated to Plaintiffs," including its legal structure and general program activities. Here, each of the members of the two proposed organizational plaintiffs similarly would have to make an individualized showing that they are eligible for the injunctive relief. See, e.g., Adams v. Freedom Forge Corp., 204 F.3d 475 (3rd Cir. 2000) (reversing grant of preliminary injunction for majority of individual plaintiffs where the plaintiffs only presented evidence from which a court could infer that some of the plaintiffs were threatened with harm and rejecting approach that plaintiffs could be treated as a unit for purposes of showing they risked irreparable harm).

Because the proposed organizational plaintiffs lack standing to assert the constitutional claims, or to seek the relief, on behalf of their members, Defendants intend to oppose Plaintiffs' proposed motions to amend and for a preliminary injunction.[1]

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: _____
RICHARD E. ROSBERGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2716
Fax No. (212) 637-2730

Request GRANTED. A status conference herein is scheduled for 8-25-06 at 2:00 p.m. to address the matter described above by defendants as well as plaintiffs' prior correspondence in this regard.
SO ORDERED.
8-10-06
DATE     VICTOR MARRERO, U.S.D.J.

cc: Rebekah Diller
Brennan Center for Justice
(By Facsimile; 212-995-4550)

---

[1] Defendants reserve their right to oppose Plaintiffs' motions on any grounds that are warranted by said motions.

2