

BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW

LAURA K. ABEL
*Deputy Director, Justice Program*

212-998-6737
laura.abel@nyu.edu

November 13, 2006

**By Facsimile**

Hon. Victor Marrero, U.S.D.J.
United States District Court
 for the Southern District of New York
40 Centre Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-15-06
```

Re:   *Alliance for Open Society International v. USAID*, 05-CV-8209

Dear Judge Marrero:

I write, as counsel for Plaintiffs in the above-referenced matter, to provide an update and request a conference regarding Plaintiffs' pending request for leave to file a motion to add Global Health Council ("GHC") and InterAction as Plaintiffs, and to seek a preliminary injunction on behalf of GHC and InterAction. Defendants have opposed plaintiffs' request, asserting that these two organizations lack standing and that instead each of their similarly situated members should individually seek relief. This outcome would burden the Court and deprive similarly situated members of relief.

In light of Defendants' opposition, both GHC and InterAction have now asked their members whether they receive funding subject to the Policy Requirement at issue in this case, 22 U.S.C. § 7631(f), and whether they desire relief from that requirement. In response, 28 GHC members (25 of which are non-profits) and 20 InterAction members stated that: 1) they are U.S.-based organizations that receive funding subject to the Policy Requirement, and 2) they desire to receive that funding without being subject to the Policy Requirement. This response demonstrates that these members are similarly situated to the Plaintiffs.

Additional members of GHC and InterAction declined to take a position on the Policy Requirement, even though they are U.S.-based organizations that receive funding subject to the Policy Requirement. Some cite fear of retaliation, some cite fear that their identity would be revealed, and some – the universities – state that they honor academic freedom principles that prevent them from taking a stand.[1]

---

[1] There may also be some members that affirmatively do not want relief. However, those members will not be injured if Global Health Council and InterAction obtain relief on behalf of all of their members. Those members will remain free to adopt, and comply with, a policy opposing prostitution. The lack of an affirmative government regulation compelling them to do so would not affect them in any way.

161 AVENUE OF THE AMERICAS, 12TH FLOOR • NEW YORK, NY 10013 • 212 998 6730 •
FAX 212 995 4550 • www.brennancenter.org

Letter to the Hon. Victor Marrero
November 13, 2006
Page 2 of 2

    GHC and InterAction each have standing to represent the interests of their members in this matter. An association has standing to pursue the interests of its members even when relief will flow only to a subset of those members. *See Warth v. Seldin*, 422 U.S. 490, 515 (1975); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989) (organization open to all women had standing to seek injunction on behalf of just those members "seek[ing] to avail themselves of health care and family planning services"); *Latino Officers Ass'n v. Safir*, 170 F.3d 167 (2d Cir. 1999) (injury to 9 of 1,500 members, plus an officer, sufficient to bestow standing on organization); *In re Agent Orange Prod. Liab. Litig.*, 373 F. Supp. 2d 7, 50 (E.D.N.Y. 2005) (fact that some members suffered no injury did not rob association of standing). Here, a substantial number of the members of each organization are eligible for and want relief. Consequently, GHC and InterAction have standing to seek an injunction.

    It is important to note that if GHC and InterAction are not permitted to proceed, the alternative will be for individual members to seek relief, increasing the burden on the Court. Moreover, some members clearly entitled to relief will be unable to obtain it for fear of retaliation or disclosure of their identity. Indeed, of the members discussed above that receive funding subject to the Policy Requirement and desire to receive that funding without being subject to the Policy Requirement, 18 of the 26 GHC members and 14 of the 20 InterAction members do not want to disclose their identities.

    This reluctance is not unwarranted, given their reliance on government funding. Courts have long recognized that individuals banding together to assert their constitutional rights may require judicial protection from government retaliation. *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). Congressman Mark Souder recently criticized Plaintiff Open Society Institute for its participation in this litigation, *see* 152 Cong. Rec. E1917-01 (Sep. 29, 2006), and there is a long history of government funders taking even more direct action – such as denying funding – to organizations that challenge government policies. *See, e.g., Housing Works, Inc. v. Turner*, 179 F. Supp.2d 177, 199 (S.D.N.Y. 2001) (Marrero, J.), *aff'd*, 56 Fed. Appx. 530 (2d Cir. 2003). Depriving members of GHC and InterAction of relief solely because they want to avoid similar retaliation for their constitutionally protected activities would subvert an important purpose of the associational standing doctrine – to permit individuals to seek relief through an association when they fear retaliation or disclosure were they to proceed alone. *NAACP v. Alabama*, 357 U.S. at 458-59.

    For the reasons stated herein, Plaintiffs respectfully request a conference regarding their pending request for leave to file a motion to add GHC and InterAction as Plaintiffs, and to seek a preliminary injunction on behalf of GHC and InterAction. Thank you for your kind consideration of this request.

Sincerely,

Laura K. Abel

cc: Richard Rosberger

> Request GRANTED. A status conference herein is scheduled for 12-4-06 at 3:00 p.m. to address the matter described above by *plaintiffs*.
>
> SO ORDERED.
>
> 11-15-06
> DATE — VICTOR MARRERO, U.S.D.J.