

06-4035-cv
Alliance for Open Society Int'l v. United States Agency for Int'l Dev.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand and seven.

PRESENT:



       HON. CHESTER J. STRAUB,
       HON. ROSEMARY S. POOLER,
       HON. BARRINGTON D. PARKER,
         *Circuit Judges.*

---

ALLIANCE FOR OPEN SOCIETY INTERNATIONAL, INC.,
PATHFINDER INTERNATIONAL,

                        *Plaintiffs-Appellees,*

OPEN SOCIETY INSTITUTE,

                   *Plaintiff,*

     -v.-                            No. 06-4035-cv

UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT,

ISSUED AS MANDATE 12/21/2007

HENRIETTA H. FORE,* in her official capacity as Acting
Administrator of the United States Agency for International
Development, JULIE LOUISE GERBERDING, in her official capacity
as Director of the U.S. Centers for Disease Control and
Prevention, and her successors, MICHAEL O. LEAVITT, in his
official capacity as Secretary of the U.S. Department of Health
and Human Services, and his successors, UNITED STATES
CENTERS FOR DISEASE CONTROL AND PREVENTION, and UNITED
STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

*Defendants-Appellants.***

---

SEAN H. LANE, Assistant United States Attorney for the Southern District of New York (Richard
E. Rosberger, Assistant United States Attorney, *of counsel*; Michael J. Garcia, United States
Attorney, *on the brief*), New York, NY *for Defendants-Appellants*.

LAURA K. ABEL, Brennan Center for Justice at NYU School of Law, New York, NY (Rebekah
Diller, Aziz Huq, Burt Neuborne, David S. Udell, Brennan Center for Justice at NYU School of
Law, New York, NY; Richard A. Johnston, Merriann M. Panarella, Wilmer Cutler Pickering
Hale and Dorr LLP, Boston, MA; David W. Bowker, David N. Cinotti, Wilmer Cutler Pickering
Hale and Dorr LLP, New York, NY, *on the brief*), *for Plaintiffs-Appellees*.

Andrew A. Ruffino, Covington & Burling LLP, New York, NY (Christine I. Magdo, Covington
& Burling LLP, New York, NY; Caroline M. Brown, Susannah Vance, Covington & Burling
LLP, Washington, D.C.; Lenora M. Lapidus, Claudia Flores, Women's Rights Project, American
Civil Liberties Union, New York, NY, *on the brief*), *for Amici Curiae AIDS Action and 25 Other
Public Health Organizations and Public Health Experts*.

Lawrence S. Lustberg, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. (Megan Lewis,
Melanca D. Clark, *on the brief*), Newark, NJ, *for Amicus Curiae Independent Sector*.

---

AFTER ARGUMENT and UPON DUE CONSIDERATION of this interlocutory appeal from

an order of the United States District Court for the Southern District of New York (Victor

---

*Henrietta H. Fore, the current Acting Administrator of the U.S. Agency for International
Development, is substituted for Andrew Natsios pursuant to Fed. R. App. P. 43(c)(2)

**The Clerk of Court is directed to conform the official caption to that set forth above.

Marrero, *Judge*), IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the case is

REMANDED to the District Court for further proceedings consistent with this Order.

---

Defendants-appellants appeal from an order of the United States District Court for the

Southern District of New York (Victor Marrero, *Judge*), preliminarily enjoining them from

applying their interpretation of 22 U.S.C. § 7631(f), a provision of the United States Leadership

Against HIV/AIDS, Tuberculosis, and Malaria Act of 2003 (the "Leadership Act"), to plaintiffs-

appellees, who currently receive funding under the Act.  We assume the parties' familiarity with

the facts and the record of prior proceedings.

Generally, a party seeking a preliminary injunction must establish (1) a likelihood of

irreparable harm if the requested relief is denied, and (2) either (a) a likelihood of success on the

merits or (b) "sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly in its favor." *Time Warner Cable, Inc. v.

DIRECTV, Inc.*, 497 F.3d 144, 152-53 (2d Cir. 2007).  While "'[t]he loss of First Amendment

freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury,'"

*Vincenty v. Bloomberg*, 476 F.3d 74, 89 (2d Cir. 2007) (quoting *Elrod v. Burns*, 427 U.S. 347,

373 (1976)), when it is found that the preliminary injunctive relief sought would prohibit

"government action taken in the public interest pursuant to a statutory or regulatory scheme," the

moving party must establish "a likelihood of success on the merits." *Fifth Avenue Presbyterian

Church v. City of New York*, 293 F.3d 570, 573-74 (2d Cir. 2002) (citations and internal

quotation marks omitted); *see also Time Warner Cable v. Bloomberg L.P.*, 118 F.3d 917, 923-24

(2d Cir. 1997); *Able v. United States*, 44 F.3d 128, 131-32 (2d Cir. 1995).

When the District Court issued its preliminary injunction on June 26, 2006, it relied in part on its conclusion that defendants' interpretation of the Leadership Act's "policy requirement" (providing that organizations that receive funding under the Act must have a "policy explicitly opposing prostitution and sex trafficking," 22 U.S.C. § 7631(f)) likely violated the First Amendment's free speech guarantees because the requirement did not leave open "adequate alternative channels for communication." *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 430 F. Supp. 2d 222, 261-63, 265, 270, 272-73 (S.D.N.Y. 2006). Defendants then filed this interlocutory appeal, and briefing was completed on January 16, 2007 based strictly on the facts and the state of the law that were before the District Court.

However, at oral argument on June 1, 2007, defendants' counsel informed us for the first time that the two principal defendants in this action – the Department of Health and Human Services ("HHS") and the United States Agency for International Development ("USAID") – were in the process of developing guidelines that would allow plaintiffs to establish or work with separate affiliates that would not be required to follow the Leadership Act's policy requirement. Defendants' counsel argued that with these new guidelines, the policy requirement would be constitutional under *Brooklyn Legal Services Corp. v. Legal Services Corp.*, 462 F.3d 219 (2d Cir. 2006), *cert. denied* Oct. 1, 2007, and *Velazquez v. Legal Services Corp.*, 164 F.3d 757 (2d Cir. 1999), *aff'd,* 531 U.S. 533 (2001). On June 21, 2007, we issued an order that kept the preliminary injunction in place, and noted that defendants had represented to this Court that the new guidelines would be formally adopted within 45 days. A month later – on July 27, 2007 – defendants filed a letter with the Court enclosing copies of the new guidelines and stating that "[w]ithin the next few days" the HHS version of the guidelines would be published in the federal

4

register and the USAID version would be "posted on the USAID website."

On August 7, after defendants clarified that the new guidelines were currently in effect as to both HHS and USAID, we ordered the parties to file supplemental letter briefs addressing "the impact of these guidelines on the constitutional and statutory challenges currently pending before this Court." That letter briefing is now complete.

It is evident from reviewing the parties' briefs and the new guidelines themselves that the case that was before the District Court is substantively different than the case as it stands today and that new fact-finding may be required to resolve the dispute. Accordingly, we remand the case to the District Court to determine in the first instance whether the preliminary injunction should be granted in light of the new guidelines. *See Brooklyn Legal Servs.*, 462 F.3d at 231 (remanding plaintiffs' as-applied challenge to the district court because "[t]he district court is in a better position" to determine "in the first instance" whether "*as a factual matter* . . . the regulation[s] ha[ve] not left [plaintiffs] adequate alternative channels for protected expression") (emphasis added); *Naturist Soc., Inc. v. Fillyaw*, 958 F.2d 1515, 1524 (11th Cir. 1992) ("Although the Society's claims for declaratory and injunctive relief are justiciable, it would be inappropriate for this court to consider them in light of the amended regulations, without district court findings of fact and conclusions of law."); *see also Schonfeld v. Hilliard*, 218 F.3d 164, 184 (2d Cir. 2000).

We offer no opinion on the merits of these or any other arguments concerning the propriety of the guidelines or the constitutionality of the statutory regime, and the District Court on remand may consider any legal arguments it deems relevant and take any additional evidence that may be appropriate. The injunction is to remain in place pending the outcome of the

proceedings before the District Court.  We are sensitive to the goal of reaching a speedy

resolution to this dispute, and nothing in this order should be construed to preclude the District

Court from consolidating the preliminary injunction hearing with the trial on the merits under

Federal Rule of Civil Procedure 65(a)(2).

For the reasons set forth above, the case is REMANDED to the District Court for

proceedings consistent with this order.  Under the procedure set forth in *United States v.*

*Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), we direct that the mandate shall issue forthwith and

that jurisdiction shall be returned to this Court upon a letter request from any party.  Upon such a

restoration of jurisdiction, the matter is to be sent to this panel.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

By: *Lucille Carr*

6

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by *Brenda Mejica*

DEPUTY CLERK