**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ALLIANCE FOR OPEN SOCIETY
INTERNATIONAL, INC. *et al.,*

Plaintiffs,

05 Civ. 8209 (VM) (DF)

v.

UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT *et al.,*

Defendants.

------------------------------------------------------------x

### MOTION OF PLAINTIFFS FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND MOTION BY GLOBAL HEALTH COUNCIL AND INTERACTION FOR A PRELIMINARY INJUNCTION

To:     Benjamin H. Torrance, Esq.
        Assistant United States Attorney
        Office of the United States Attorney – Southern District of New York
        86 Chambers Street
        New York, NY 10007
        Attorneys for Defendants United States Agency for International Development
        and Henrietta H. Fore, Administrator, USAID; U.S. Department of Health and
        Human Services, and Michael O. Leavitt, Secretary, HHS; and U.S. Centers for
        Disease Control and Prevention, and Julie Louise Gerberding, Director

**PLEASE TAKE NOTICE** that plaintiffs Pathfinder International ("Pathfinder"),

Alliance for Open Society International ("AOSI"), and the Open Society Institute

("OSI"), pursuant to rules 15, 21, and 65 of Federal Rule of Civil Procedure, upon the

accompanying declarations of Nils Daulaire, Rebekah Diller, Pape Gaye, Helene Gayle,

Daniel E. Pellegrom, Mark Sidel, and Sam Worthington and for the reasons set forth in

the accompanying memoranda of law, and upon:  1) all the prior pleadings and

proceedings herein, and 2) the accompanying Memorandum of Law in Support of

Plaintiffs' Motion for Leave to File A Second Amended Complaint and Motion by

Global Health Council and InterAction for a Preliminary Injunction, will move before the

1

Hon. Victor Marrero at a date and time to be set by the Court and the parties, at the

Courthouse of the United States District Court for the Southern District of New York, 40

Centre St., New York, New York, 10007, for an order:

I.  Granting leave to serve and file the proposed Second Amended Complaint, attached as Exhibit A to the accompanying Declaration of Rebekah Diller.

II. Issuing a preliminary injunction providing that:

Pending entry of a final judgment on the merits of the parties' dispute in this action, or until any reconsideration or modification of the Order is authorized by the Court (the "Preliminary Injunction Period"):

(1) Defendants are enjoined from terminating, suspending, denying, refusing to enter into, or denying funding under, any cooperative agreement, grant, or contract:

(a) between USAID or HHS and the members of GHC and InterAction;

(b) between USAID or HHS and any other entity that provides funding to the members of GHC and InterAction under a cooperative agreement, grant or contract; and

(c) between the members of GHC and InterAction as a sub-recipient, sub-grantee, or sub-contractor and any entity with a cooperative agreement, grant or contract with USAID or HHS;

as a means of enforcing the provision of 22 U.S.C. §7631(f) of the United States Leadership Against HIV/AIDS, Tuberculosis, and Malaria Act of 2003 (the "Act") requiring that, as a condition to receiving funding under the Act, the members of GHC and InterAction "have a policy explicitly opposing prostitution" (the "Policy Requirement").

(2) During the Preliminary Injunction Period, Defendants are also enjoined from taking any enforcement action of the type listed in 45 C.F.R. § 74.62, or any other measure directed against the members of GHC and InterAction that is inconsistent with the Court's Order, including, but not limited to, investigating or auditing the members of GHC and InterAction regarding compliance with the Policy Requirement or inserting the Policy Requirement in the cooperative agreements, grants and contracts of the members of GHC and InterAction for funding under the Act, unless any such cooperative

agreement, grant or contract also states that any attempted enforcement of the Policy Requirement during the Preliminary Injunction Period will be subject to this Order.  For purposed of this paragraph, "cooperative agreement, grant, or contract" shall include a sub-agreement, sub-grant, or subcontract.

(3) During the Preliminary Injunction Period Defendants are preliminarily enjoined from requiring the members of GHC and InterAction to enforce the Policy Requirement against their United States-based sub-recipients, sub-grantees and sub-contractors (the "sub-organizations") provided that the Plaintiffs make a showing that any such sub-organization is factually and legally similarly situated to the members of GHC and InterAction by submitting to the Court by letter, a brief description of such sub-organization's legal structure, history and missions, the general program activities in which it has been engaged and the specific project(s) for which the members of GHC and InterAction have provided funding received pursuant to the Act. Defendants shall have thirty days following any such submission by Plaintiffs to respond to Plaintiffs' letter by letter to the Court presenting any arguments showing cause as to why any such sub-organization does not fall within the scope and protection of the Order.

(4)  Defendants are directed to inform all known recipients of grants and cooperative agreements of which the members of GHC and InterAction are sub-recipients, sub-grantees or sub-contractors that, during the Preliminary Injunction Period in accordance with the Order, the members of GHC and InterAction are not required to comply with the Policy Requirement.

III.    granting such other and further relief as the Court shall deem proper.

Unless defendants are restrained and enjoined by order of this Court, GHC and InterAction and their respective members will suffer immediate and irreparable injury, loss and damages in that their constitutional rights are being violated.  GHC and InterAction and their respective members have no adequate remedy at law.  The immediate and irreparable injuries faced by GHC and InterAction and their respective members are more fully described and set forth in the proposed Second Amended

Complaint, and in the memoranda of law and accompanying declarations submitted in

support of this motion.

>    Dated: New York, New York
>    February 8, 2008

                                        /s/

                                        Laura K. Abel (LA 6831)
                                        Rebekah Diller (RD 7791)
                                        David S. Udell (DU 4762)
                                        BRENNAN CENTER FOR JUSTICE
                                          AT NYU SCHOOL OF LAW
                                        161 Avenue of the Americas,
                                          12th Floor
                                        New York, NY 10013
                                        (212) 998-6737

                                        Richard A. Johnston*
                                        Wilmer Cutler Pickering Hale and Dorr
                                        LLP
                                        60 State Street
                                        Boston, MA 02109
                                        (617) 526-6000

                                        David W. Bowker (DB 3029)
                                        Wilmer Cutler Pickering Hale and Dorr
                                        LLP
                                        399 Park Avenue
                                        New York, NY 10022
                                        (212) 230-8800

                                        *Attorneys for Plaintiffs*

                                        * admitted *pro hac vice*