# Exhibit B



# Acquisition & Assistance Policy Directive (AAPD)

From the Director, Office of Acquisition & Assistance    Issued: July 23, 2007

## AAPD 05-04 Amendment 1

## Implementation of the United States Leadership Against HIV/AIDS, Tuberculosis and Malaria Act of 2003 – Eligibility Limitation on the Use of Funds and Opposition to Prostitution and Sex Trafficking

Subject Category:    ACQUISITION MANAGEMENT, ASSISTANCE
Type:    POLICY

---

AAPDs provide information of significance to all agency personnel and partners involved in the Acquisition and Assistance process. Information includes (but is not limited to): advance notification of changes in acquisition or assistance regulations; reminders; procedures; and general information. Also, AAPDs may be used to implement new requirements on short-notice, pending formal amendment of acquisition or assistance regulations.

AAPDs are EFFECTIVE AS OF THE ISSUED DATE unless otherwise noted in the guidance below; the directives remain in effect until this office issues a notice of cancellation.

---

This AAPD: ☐ Is New   Replaces/ X Amends CIB/AAPD No: 05-04

| Applicable to: | Precedes change to: |
|---|---|
| ☒ Existing awards; ☐ Modification required | AIDAR Part(s) Appendix |
| ☐ No later than | ☒ USAID Automated Directives System (ADS) Chapter 302, 303, and 308 |
| ☒ As noted in guidance below | |
| ☒ RFPs/RFAs issued on or after the effective date of this AAPD; all other Pending Awards, i.e., 8(a), sole source, IQC | ☒ Code of Federal Regulations 22 CFR 226 |
| | ☐ Other |
| ☐ Other or N/A | ☐ No change to regulations |

New Provision/Clause Provided Herein

_(Signed copy on file)_
Michael F. Walsh
Director

1. PURPOSE:

The purpose of this AAPD amendment is to provide to COs and AOs criteria for determining whether or not a USAID contractor or recipient complies with the eligibility and limitations provisions in AAPD 05-04, if it has an affiliation with an organization that may not be in compliance.

Required Actions:

(1) COs and AOs must consider the "Organizational Integrity Guidance" in the Guidance section below when determining a prospective or existing contractor or assistance recipient's eligibility or compliance with the provisions in AAPD 05-04.

(2) COs and AOs must obtain clearance from their legal counsel before issuing any written determination pertaining to USAID awards that include the provisions in AAPD 05-04.

2. BACKGROUND:

This guidance is designed to provide additional clarity for Contracting and Agreement officers, Contracting Specialists, Cognizant Technical Representatives, Health Officers and our implementing partners (e.g., grantees, contractors) regarding the application of the policy requirement expressed in 22 U.S.C. § 7631(f), which provides that organizations receiving Leadership Act funds ("Recipient organizations" or "Recipients") must have a policy explicitly opposing prostitution and sex-trafficking (the "policy requirement").

In enacting the statute from which this requirement originates, the United States Leadership Against HIV/AIDS, Tuberculosis and Malaria Act of 2003 (the "Leadership Act"), Congress developed a framework to combat the global spread of HIV/AIDS, tuberculosis and malaria. As part of that Act, to ensure that the Government's organizational partners will not undermine this goal through the promotion of counterproductive activities, the Leadership Act provides that all funding recipients, subject to limited exceptions, must have a policy explicitly opposing prostitution and sex trafficking. It is critical to the effectiveness of Congress's plan and to the U.S. Government's foreign policy underlying this effort, that the integrity of Leadership Act programs and activities implemented by organizations receiving Leadership Act funds is maintained, and that the U.S. Government's message opposing prostitution and sex-trafficking is not confused by conflicting positions of these organizations.

Accordingly, the U.S. Government provides this Organizational Integrity Guidance to clarify that the Government's organizational partners that have adopted a policy opposing prostitution and sex-trafficking may, consistent with the policy requirement, maintain an affiliation with separate organizations that do not have such a policy, provided that such affiliations do not threaten the integrity of the Government's programs and its message opposing prostitution and sex-trafficking, as specified in this guidance. To maintain program integrity, adequate separation as outlined in this guidance is required between an affiliate which expresses views on prostitution and sex-trafficking contrary to the government's message and any federally-funded partner organization.

The criteria for affiliate independence in this guidance is modeled on criteria upheld as facially constitutional by the U.S. Court of Appeals for the Second Circuit in Velazquez v. Legal Services Corporation, 164 F.3d 757, 767 (2d Cir. 1999), and Brooklyn Legal Services Corp. v. Legal Services Corp., 462 F.3d 219, 229-33 (2d Cir. 2006), cases involving similar organization-wide limitations applied to recipients of federal funding.

This guidance clarifies that an independent organization affiliated with a recipient of Leadership Act funds need not have a policy explicitly opposing prostitution and sex trafficking for the recipient to maintain compliance with the policy requirement. The independent affiliate's position on these issues will have no effect on the recipient organization's eligibility for Leadership Act funds, so long as the affiliate satisfies the criteria for objective integrity and independence detailed in the guidance. By ensuring adequate separation between the recipient and affiliate organizations, these criteria guard against a public perception that the affiliate's views on prostitution and sex-trafficking may be attributed to the recipient organization and thus to the Government, thereby avoiding the risk of confusing the Government's message opposing prostitution and sex-trafficking.

This guidance may be shared with USAID implementing partners.

See also AAPD 05-04.

### 3. GUIDANCE:

CO's and AO's must consider the below guidance when evaluating whether a recipient's policy opposing prostitution may be implicated by an affiliate of the recipient.[1]

Note that the term "Recipient" used below applies to both contractors and the recipients of grants or cooperative agreements.

#### Organizational Integrity Guidance:

USAID contractors, grantees and recipients of cooperative agreements ("Recipients") must have objective integrity and independence from any affiliated organization that engages in activities inconsistent with a policy opposing prostitution and sex-trafficking ("restricted activities"). A Recipient will be found to have objective integrity and independence from such an organization if:

(1) The affiliated organization is a legally separate entity;

---

[1] Regarding Required Action (2), the Federal Acquisition Regulation (FAR) subpart 2.101 defines "Affiliates" as follows:

"Affiliates" means associated business concerns or individuals if, directly or indirectly—
    (1) Either one controls or can control the other; or
    (2) A third party controls or can control both.

This definition is not inconsistent with the guidance provided in this amendment to AAPD 05-04. There is no corresponding definition in USAID assistance regulations.

AAPD 05-04 Amendment 01

(2) The affiliated organization receives no transfer of Leadership Act funds, and Leadership Act funds do not subsidize restricted activities; and

(3) The Recipient is physically and financially separate from the affiliated organization. Mere bookkeeping separation of Leadership Act funds from other funds is not sufficient. USAID will determine, on a case-by-case basis and based on the totality of the facts, whether sufficient physical and financial separation exists. The presence or absence of any one or more factors will not be determinative. Factors relevant to this determination shall include but will not be limited to:

(i) The existence of separate personnel, management, and governance;

(ii) The existence of separate accounts, accounting records, and timekeeping records;

(iii) The degree of separation from facilities, equipment and supplies used by the affiliated organization to conduct restricted activities, and the extent of such restricted activities by the affiliate;

(iv) The extent to which signs and other forms of identification which distinguish the Recipient from the affiliated organization are present, and signs and materials that could be associated with the affiliated organization or restricted activities are absent; and

(v) The extent to which USAID, the U.S. Government and the project name are protected from public association with the affiliated organization and its restricted activities in materials such as publications, conferences and press or public statements.

4. **POINT OF CONTACT:**

USAID CO and AO may direct their questions about this AAPD amendment to Diane Bui, GC/GH & EGAT, Phone (202) 712-0529 e-mail: dibui@usaid.gov.
Contractors, recipients, and prospective offerors for contracts or assistance awards must direct their questions to the cognizant Contracting Officer or Agreement Officer for the award.