# Exhibit C

# THE FOREIGN CONTRIBUTION (REGULATION) ACT, 1976
## No. 49 of 1976

[31st March, 1976.]

An Act to regulate the acceptance and utilisation of foreign contribution or foreign hospitality by certain persons or associations, with a view to ensuring that parliamentary institutions, political associations and academic and other voluntary organisations as well as individuals working in the important areas of national life may function in a manner consistent with the values of a sovereign democratic republic, and for matters connected therewith or incidental thereto.

Be it enacted by Parliament in the Twenty – seventh year of the Republic of India as follows:

## CHAPTER 1
### Preliminary

1. **Short title, extent, application and commencement** – (1) This Act may be called the Foreign Contribution (Regulation) Act, 1976.

(2) It extends to the whole of India, and it shall also apply to –

(a) citizens of India outside India; and

(b) associates, branches or subsidiaries, outside India, of companies or bodies corporate, registered or incorporated in India.

(3) It shall come into force on such date[1] as the Central Government may, by notification in the Official Gazette, appoint.

2. **Definitions** – (1) In this Act, unless the context otherwise requires, –

(a) 'association' means an association of individuals, whether incorporated or not, having an office in India and includes a society, whether registered under the Societies Registration Act, 1860 (21 of 1860), or not, and any other organisation by whatever name called;

(b) 'candidate for election' means a person who has been duly nominated as a candidate for election to any Legislature;

(c) 'foreign contribution' means the donation, delivery or transfer made by any foreign source, –

(i) of any article, not being an article given to a person as a gift for his personal use, if the market value, in India, of such article, on the date of such gift, does not exceed one thousand rupees;

(ii) of any currency, whether Indian or foreign;

(iii) of any foreign security as defined in clause (i) of Section 2 of the Foreign Exchange Regulation Act, 1973 (46 of 1973);

[2][Explanation. – A donation, delivery or transfer of any article, currency or foreign security referred to in this clause by any person who has received it from any foreign source, either directly or through one or more persons, shall also be deemed to be foreign contribution within the meaning of this clause;]

(d) 'foreign hospitality' means any offer, not being a purely casual one, made by a foreign source for providing a person with the cost of travel to any foreign country or territory or with free board, lodging, transport or medical treatment;

---

[1] 5-8-1976 vide notification No. G.S.R. 755(E) dated the 5th August, 1976.

[2] Ins. By Act 1 of 1985, s.2 (w.e.f. 20-10-1984)

-2-

(e) 'foreign source' includes –

(i) the Government of any foreign country or territory and any agency of such Government,

(ii) any international agency, not being the United Nations or any of its specialised agencies, the World Bank, International Monetary Fund or such other agency as the Central Government may, by notification in the Official Gazette, specify in this behalf,

1 of 1956.    (iii) a foreign company within the meaning of section 591 of the Companies Act, 1956 and also includes –

(a) a company which is a subsidiary of a foreign company, and
(b) a multi-national corporation within the meaning of this Act,

(iv) a corporation, not being a foreign company, incorporated in a foreign country or territory,

(v) a multi-national corporation within the meaning of this Act,

1 of 1956.    (vi) a company within the meaning of the Companies Act, 1956, if more than one-half of the nominal value of its share capital is held either singly or in the aggregate, by one or more of the following, namely: -

(a) Government of a foreign country or territory,
(b) Citizens of a foreign country or territory,
(c) Corporations incorporated in a foreign country or territory,
(d) Trusts, societies or other associations of individuals (whether incorporated or not), formed or registered in a foreign country or territory,

(vii) a trade union in any foreign country or territory, whether or not registered in such foreign country or territory,

(viii) a foreign trust by whatever name called, or a foreign foundation which is either in the nature of trust or is mainly financed by a foreign country or territory,

(ix) a society, club or other association of individuals formed or registered outside India,

(x) a citizen of a foreign country,

but does not include any foreign institution which has been permitted by the Central Government, by a notification in the Official Gazette, to carry on its activities in India;

(f) 'Legislature' means-

(i) either House of Parliament,

(ii) the Legislative Assembly of a State, or in the case of a State having a Legislative Council, either House of the Legislature of that State,

(iii) Legislative Assembly of a Union territory constituted under the Government of Union Territories Act, 1963,    20 of 1963.

(iv) The Metropolitan Council of Delhi constituted under section 3 of the Delhi Administration Act, 1966,    19 of 1966.

(v) Municipal Corporations in metropolitan areas as defined in the Code of Criminal Procedure, 1973,    2 of 1974.

(vi) District Councils and Regional Councils in the States of Assam and Meghalaya and in the Union territory of Mizoram as provided in the Sixth Schedule to the Constitution, or

(vii) any other elective body as may be notified by the Central Government, as the case may be;

-3-

[1](g) 'political party' means-

(i) an association or body of individual citizens of India-

(1) which is, or is deemed to be, registered with the Election Commission of India as a political party under the Election Symbols (Reservation and Allotment) Order, 1968, as in force for the time being; or

(2) which has set up candidates for election to any Legislature, but is not so registered or deemed to be registered under the Election Symbols (Reservation and Allotment) Order, 1968;

(ii) a political party mentioned in column 1 of Table 1 to the notification of the Election Commission of India No. 56/J&K/84 dated the 27th September, 1984, as in force for the time being;]

(h) 'prescribed' means prescribed by rules made under this Act;

(i) 'registered newspaper' means a newspaper registered under the Press and Registration of Books Act, 1867;   25 of 1867.

(j) 'subsidiary' and 'associate' have the meanings, respectively, assigned to them in the Companies Act, 1956;   1 of 1956.

(k) 'trade union' means a trade union registered under the Trade Unions Act, 1926.   16 of 1926.

Explanation- For the purposes of this Act, a corporation incorporated in a foreign country or territory shall be deemed to be a multi-national corporation if such corporation -

(a) has a subsidiary or a branch or a place of business in two or more countries or territories; or

(b) carries on business, or otherwise operates, in two or more countries or territories;

46 of 1973.   (2) Words and expressions used herein and not defined but defined in the Foreign Exchange Regulation Act, 1973, have the meanings respectively assigned to them in that Act.

46 of 1973.
43 of 1950.
43 of 1951.
(3) Words and expressions used herein and not defined in this Act or in the Foreign Exchange Regulation Act, 1973, but defined in the Representation of the People Act, 1950, or the Representation of the People Act, 1951, have the meanings respectively assigned to them in such Act.

3. The provisions of this Act shall be in addition to, and not in derogation of, any other law for the time being in force.   Application of other laws not barred.

## CHAPTER II
### Regulation of foreign Contribution and Foreign Hospitality

4. (1) No foreign contribution shall be accepted by any –   Candidate for election, etc., not to accept foreign contribution.
(a) candidate for election,
(b) correspondent, columnist, cartoonist, editor, owner, printer or publisher of a registered newspaper,
(c) [2][Judge, Government servant] or employee of any corporation,
(d) member of any Legislature,
(e) political party or office-bearer thereof.

---

[1] Subs. By Act 1 of 1985, s.2, for cl.(g) (w.e.f. 20-10-1984)
[2] Subs. by s.3, ibid., for "Government servant" (w.e.f. 20-10-1984)

-4-

1 of 1956.

Explanation. – In clause (c) and in section 9, 'corporation' means a corporation owned or controlled by Government and includes a Government company as defined in section 617 of the Companies Act, 1956.

(2) (a) No person, resident in India, and no citizen of India, resident outside India, shall accept any foreign contribution, or acquire or agree to acquire any currency from a foreign source, on behalf of any political party or any person referred to in sub-section (1), or both.

(b) No person, resident in India, shall deliver any currency, whether Indian or foreign, which has been accepted from any foreign source, to any person if he knows or has reasonable cause to believe that such other person intends, or is likely, to deliver such currency to any political party or any person referred to in sub-section (1) or both.

(c) No citizen of India resident outside India shall deliver any currency, whether Indian or foreign, which has been accepted from any foreign source, to –

(i) any political party or any person referred to in sub-section (1), or both, or

(ii) any other person, if he knows or has reasonable cause to believe that such other person intends, or is likely, to deliver such currency to a political party or to any person referred to in sub-section (1), or both.

(3) No person receiving any currency, whether Indian or foreign, from a foreign source on behalf of any association, referred to in sub-section (1) of section 6, shall deliver such currency –

(i) to any association or organisation other than the association for which it was received, or

(ii) to any other person, if he knows or has reasonable cause to believe that such other person intends, or is likely, to deliver such currency to an association other than the association for which such currency was received.

5. (1) No organisation of a political nature, not being a political party, shall, accept any foreign contribution except with the prior permission of the Central Government.

Explanation – For the purposes of this section, "organisation of a political nature not being a political party" means such organisation as the Central Government may, having regard to the activities of the organisation or the ideology propagated by the organisation or the programme of the organisation or the association of the organisation with activities of any political party, by an order published in the Official Gazette, specify in this behalf.

(2) (a) Except with the prior permission of the Central Government, no person, resident in India, and no citizen of India, resident outside India, shall accept any foreign contribution, or acquire or agree to acquire any foreign currency, on behalf of an organisation referred to in sub-section (1).

(b) Except with the prior permission of the Central Government, no person, resident in India, shall deliver any foreign currency to any person if he knows or has reasonable cause to believe that such other person intends, or is likely, to deliver such currency to an organisation referred to in sub-section (1).

(c) Except with the prior approval of the Central Government, no citizen of India, resident outside India, shall deliver any currency, whether Indian or foreign, which has been accepted form any foreign source, to –

(i) any organisation referred to in sub-section (1), or

(ii) any person, if he knows or has reasonable cause to believe that such person intends, or is likely, to deliver such currency to an organisation referred to in sub-section (1).

<sup>Marginal note:</sup> Organisation of a political nature not to accept foreign contribution except with the prior permission of the Central Government.

-5-

[6. ¹(1) No association [other than an organisation referred to in sub-section (1) of section 5] having a definite cultural, economic, educational, religious or social programme shall accept foreign contribution unless such association, -

(a) registers itself with the Central Government in accordance with the rules made under this Act; and

(b) agrees to receive such foreign contribution only through such one of the branches of a bank as it may specify in its application for such registration,

*Certain associations and persons receiving foreign contribution to give intimation to the Central Government.*

and every association so registered shall give within such time and in such manner as may be prescribed, an intimation to the Central Government as to the amount of each foreign contribution received by it, the source from which and the manner in which such foreign contribution was received and the purposes for which and the manner in which such foreign contribution was utilised by it:

Provided that where such association obtains any foreign contribution through any branch other than the branch of the bank through which it has agreed to receive foreign contribution or fails to give such intimation within the prescribed time or in the prescribed manner, or gives any intimation which is false, the Central Government may, by notification in the Official Gazette, direct that such association shall not, after the date of issue of such notification, accept any foreign contribution without the prior permission of the Central Government.

(1A) Every association referred to in sub-section (1) may, if it is not registered with the Central Government under that sub-section, accept any foreign contribution only after obtaining the prior permission of the Central Government and shall also give, within such time and in such manner as may be prescribed, an intimation to the Central Government as to the amount of foreign contribution received by it, the source from which and the manner in which such foreign contribution was received and the purposes for which and the manner in which such foreign contribution was utilised by it.

(2) Every candidate for election, who has received any foreign contribution, at any time within one hundred and eighty days immediately preceding the date on which he is duly nominated as such candidate, shall give, within such time and in such manner as may be prescribed, an intimation to the Central Government as to the amount of foreign contribution received by him, the source from which and the manner in which such foreign contribution was received and the purposes for which, and the manner in which, such foreign contribution was utilised by him.

*Recipients of scholarships, etc., to give intimation to the Central Government.*

7. (1) Every citizen of India receiving any scholarship, stipend or any payment of like nature from any source shall give, within such time and in such manner as may be prescribed, an intimation to the Central Government as to the amount of the scholarship, stipend or other payment received by him and the foreign source from which, and the purpose for which, such scholarship stipend or other payment has been, or is being, received by him.

(2) Where any recurring payments are being received by any citizen of India from any foreign source by way of scholarship, stipend or other payment, it shall be sufficient if the intimation referred to in sub-section (1) includes a precise information as to the intervals at which, and the purpose for which, such recurring payments will be received by such citizen of India.

---

¹Subs. by Act 1 of 1985, s.4, for sub-section (1)(w.e.f. 1-1-1985).

-6-

(3) It shall not be necessary to give such intimation as is referred to in sub-section (1) or sub-section (2) in relation to scholarships, stipends or payments of a like nature, if the annual value of such scholarships, stipend or other payments does not exceed such limits as the Central Government may by rules made under this Act, specify in this behalf.

**Persons to whom section 4 shall not apply.**

8. Nothing contained in section 4 shall apply to the acceptance, by any person specified in that section, of any foreign contribution, where such contribution is accepted by him, subject to the provisions of section 10 –

(a) by way of salary, wages or other remuneration due to him or to any group of persons working under him, from any foreign source or by way of payment in the ordinary course of business transacted in India by such foreign source; or

(b) by way of payment, in the course of international trade or commerce, or in the ordinary course of business transacted by him outside India; or

(c) as an agent of a foreign source in relation to any transaction made by such foreign source with Government; or

(d) by way of a gift or presentation made to him as a member of any Indian delegation, provided that such gift or present was accepted in accordance with the regulations made by the Central Government with regard to the acceptance or retention of such gift or presentation; or

(e) from his relative when such foreign contribution has been received with the previous permission of the Central Government.

Provided that no such permission shall be required if the amount of foreign contribution received by him from his relative does not exceed in value, eight thousand rupees per annum and an intimation is given by him to the Central Government as to the amount received, the source from which and the manner in which it was received and the purpose for which and the manner in which it was utilised by him;

(f) by way of remittance received, in the ordinary course of business through any official channel, post office, or in any authorised dealer in foreign exchange under the Foreign Exchange Regulation Act, 1973. 46 of 1973.

Explanation – In this Act, the expression "relative" has the meaning assigned to it in the Companies Act, 1956. 1 of 1956.

**Restrictions on acceptance of foreign hospitality.**

9. No member of a Legislature, office bearer of a political party, [1][Judge, Government servant] or employee of any corporation shall, while visiting any country or territory outside India, accept, except with the prior permission of the Central Government, any foreign hospitality :

Provided that it shall not be necessary to obtain any such permission for an emergent medical aid needed on account of sudden illness contracted during a visit outside India, but, where such foreign hospitality has been received the person receiving such hospitality shall give, within one month from the date of receipt of such hospitality an intimation to the Central Government as to the receipt of such hospitality, and the source from which, and the manner in which such hospitality was received by him.

**Power of Central Government**

10. The Central Government may –
(a) prohibit any association, not specified in section 4, or any person, from accepting any foreign contribution;

---
[1]Subs. by Act 1 of 1985, s 5, for "Government servant"(w.e.f. 20-10-1984)

-7-

(b) [^1][without prejudice to the provisions of sub-section (1) of section 6 require any association specified in that sub-section], to obtain prior permission of the Central Government before accepting any foreign contribution;

<span style="float:left">*to prohibit receipt of foreign contribution, etc., in certain cases.*</span>

(c) require any person or class of persons or any association, not being an association specified in section 6, to furnish intimation within such time and in such manner as may be prescribed as to the amount of any foreign contribution received by such person or class of persons or association, as the case may be, and the source from which and the manner in which such contribution was received and the purpose for which and the manner in which such foreign contribution was utilised;

(d) require any person or class of persons, not specified in section 9, to obtain prior permission of the Central Government before accepting any foreign hospitality;

(e) require any person or class of persons, not specified in section 9, to furnish intimation, within such time and in such manner as may be prescribed, as to the receipt of any foreign hospitality, the source from which and the manner in which such hospitality was received:

Provided that no such prohibition or requirement shall be made unless the Central Government is satisfied that the acceptance of foreign contribution by such association or persons or class of persons, as the case may be, the acceptance of foreign hospitality by such person, is likely to affect prejudicially –

(i) the sovereignty and integrity of India; or
(ii) the public interest; or
(iii) freedom or fairness of election to any Legislature; or
(iv) friendly relations with any foreign State; or
(v) harmony between religious, racial, linguistic or regional groups castes or communities.

<span style="float:left">*Application to be made in prescribed form for obtaining prior permission to accept foreign contribution or hospitality.*</span>

11. (1) Every individual, association, organisation or other person, who is required by or under this Act to obtain the prior permission of the Central Government to accept any foreign contribution or hospitality, shall, before the acceptance of any such contribution or hospitality, make an application for such permission to the Central Government in such form and in such manner as may be prescribed.

(2) If an application referred to in sub-section (1) is not disposed of within ninety days from the date of receipt of such application, the permission prayed for in such application shall, on the expiry of the said period of ninety days, be deemed to have been granted by the Central Government:

Provided that, where, in relation to an application, the Central Government has informed the applicant the special difficulties by reason of which his application cannot be disposed of within the said period of ninety days, such application shall not, until the expiry of a further period of thirty days, be deemed to have been granted by the Central Government.

## CHAPTER III
### Miscellaneous

12. Where the Central Government is satisfied, after making such inquiry as it may deem fit, that any person has in his custody or control any article or

<span style="float:right">*Power to prohibit payment of currency received in contravention of the Act.*</span>

---

[^1]: Subs. by s. 6, ibid. for "require any association, specified in section 6" (w.e.f., 1-1-1985)

-8-

currency, whether Indian or foreign, which has been accepted by such person in contravention of any of the provisions of this Act, it may, by order in writing, prohibit such person from paying, delivering, transferring or otherwise dealing with in any manner whatsoever, such article or currency save in accordance with the written orders of the Central Government and a copy of such order shall be served upon the person so prohibited in the prescribed manner, and thereupon the provisions of sub-section (2), (3), (4) and (5) of section 7 of the Unlawful Activities (Prevention) Act, 1967 (37 of 1967) shall, so far as may be, apply to, or in relation to, such article or currency and references in the said sub-sections to moneys, securities or credits shall be construed as references to such article or currency.

37 of 1967.

13. Every association, referred to in section 6, shall maintain, in such form and in such manner as may be prescribed, -
   (a) an account of any foreign contribution received by it, and
   (b) a record as to the manner in which such contribution has been utilised by it.

*Recipients of foreign contribution to maintain accounts etc.*

14. If the Central Government has, for any reason, to be recorded in writing, any ground to suspect that any provision of this Act has been, or is being contravened by –
   (a) any political party, or
   (b) any person, or
   (c) any organisation, or
   (d) any association,
it may, by general or special order, authorise such gazetted officer, holding a [1][Group A post], as it may think fit (hereinafter referred to as the authorised officer), to inspect any account or record maintained by such political party, person, organisation or association, as the case may be, and thereupon every such authorised officer shall have the right to enter in or upon any premises at any reasonable hour, before sunset and after sunrise, for the purpose of inspecting the said account or record :

*Inspection of accounts or records.*

Provided that no gazetted officer shall be authorised to inspect the account or record maintained by a political party, unless he has been holding a Group A post in connection with the affairs of the Union, or a State, for not less than ten years.

15. If, after inspection of an account or record referred to in section 14, the authorised officer has any reasonable cause to believe that any provision of this Act or of any other law relating to foreign exchange has been, or is being, contravened, he may seize such account or record and produce the same before the court in which any proceeding is brought for such contravention:

*Seizure of accounts or records.*

Provided that the authorised officer shall return such account or record to the person from whom it was seized if no proceeding is brought within six months from the date of such seizure for the contravention disclosed by such account or record.

[2][15A. Where any organisation or association fails to furnish any returns under this Act within the time specified therefor or the returns so furnished are not in accordance with the law or if, after inspection of such returns, the Central Government has any reasonable cause to believe that any provision of

*Audit of accounts.*

---

[1].Subs. by Act 1 of 1985, s.7, for "class I post" (w.e.f. 20-1-1984)
[2].Ins. by s.8 ibid. (w.e.f. 20-10-1984).

-9-

this Act has been, or is being, contravened, that Government may, by general or special order, authorise such gazetted officer, holding a Group A post, as it may think fit, to audit any books of account kept or maintained by such organisation or association as the case may be, and thereupon every such officer shall have the right to enter in or upon any premises at any reasonable hour, before sunset and after sunrise, for the purpose of auditing the said books of account:

Provided that any information obtained from such audit shall be kept confidential and shall not be disclosed except for the purposes of this Act.]

Seizure of article or currency received in contravention of the Act.

16. If any gazetted officer, authorised in this behalf by the Central government, by general or special order, has any reason to believe that any person has in his possession or control any article exceeding rupees one thousand in value, or currency, whether Indian or foreign, in relation to which any provision of this Act has been, or is being, contravened, he may seize such article or currency.

Seizure to be made in accordance with the Code of Criminal Procedure, 1973.

17. Every seizure made under this Act shall be made in accordance with the provision of section 100 of the Code of Criminal Procedure, 1973.    2 of 1974.

Confiscation of article or currency obtained in contravention of the Act.

18. Any article or currency which is seized under section 16 shall be liable to confiscation is such article or currency has been adjudged under section 19 to have been received or obtained in contravention of this Act.

Adjudication of confiscation.

19. Any confiscation referred to in section 18 may be adjudged –
(a) without limit, by the Court of Session within the local limits of whose jurisdiction the seizure was made; and
(b) subject to such limits as may be prescribed, by such officer, not below the rank of an Assistant Sessions Judge, as the Central Government may, by notification in the Official Gazette, specify in this behalf.

Opportunity to be given before adjudication of confiscation.

20. No order of adjudication of confiscation shall be made unless a reasonable opportunity of making a representation against such confiscation has been given to the person from whom any article or currency has been seized.

Appeal

21. (1) Any person aggrieved by any order made under section 19 may prefer any appeal, -
(a) where the order has been made by the Court of Session, to the High Court to which such Court is subordinate; or
(b) where the order has been made by any officer specified under clause (b) of section 19, to the Court of Session within the local limits of whose jurisdiction such order of adjudication of confiscation was made, within one month from the date of communication to such person of the order:

-10-

Provided that the appellate court may, if it is satisfied that the appellant was prevented by sufficient cause from preferring the appeal within the said period of one month, allow such appeal to be preferred within a further period of one month, but not thereafter.

(2) Any organisation referred to in section 5, or any person or association referred to in section 9 or section 10, aggrieved by an order made in pursuance of the Explanation to sub-section (1) of section 5 or by an order of the Central Government refusing to give permission, or by any order made by the Central Government, under section 5 or section 9 or section 10, as the case may be, may within sixty days from the date of such order prefer an appeal against such order to the High Court within the local limits of whose jurisdiction the applicant ordinarily resides or carries on business or personally works for gain, or, where the appellant is an organisation or association, the principal office of such organisation or association is located.

(3) Every appeal preferred under this section shall be deemed to be an appeal from an original decree and the provisions of Order XLI of the First Schedule to the Code of Civil Procedure, 1908, shall, as far as may be, apply thereto as they apply to an appeal from an original decree.  *5 of 1908.*

**Penalty for article or currency obtained in contravention of section 12.**
22. If any person, on whom any prohibitory order has been served under section 12, pays, delivers, transfers or otherwise deals with, in any manner whatsoever, any article or currency, whether Indian or foreign, in contravention of such prohibitory order, he shall be punished with imprisonment for a term which may extend to three years, or with fine, or with both; and notwithstanding anything contained in the Code of Criminal Procedure, 1973, the court trying such contravention may also impose on the person convicted an additional fine equivalent to the market value of the article or the amount of the currency in respect of which the prohibitory order has been contravened by him or such part thereof as the court may deem fit.  *2 of 1974.*

**Punishment for the contravention of any provision of the Act.**
23. (1) Whoever accepts, or assists any person, political party or organisation in accepting, any foreign contribution or any currency from a foreign source, in contravention of any provision of this Act or any rule made thereunder, shall be punished with imprisonment for a term which may extend to five years, or with fine, or with both.

(2) whoever accepts any foreign hospitality in contravention of any provision of this Act or any rule made thereunder shall be punished with imprisonment for a term which may extend to three years, or with fine, or with both.

**Power to impose additional fine where article or currency is not available for confiscation.**
24. Notwithstanding anything contained in the Code of Criminal Procedure, 1973, the Court trying a person, who, in relation to any article or currency, whether Indian or foreign, does or omits to do any act which act or omission would render such article or currency liable to confiscation under this Act, may, in the event of the conviction of such person for the act or omission aforesaid, impose on such person a fine not exceeding five times the value of the article or currency or one thousand rupees, whichever is more, if such article or currency is not available for confiscation, and fine so imposed shall be in addition to any other fine which may be imposed on such person under this Act.  *2 of 1974.*

-11-

Penalty for offences where no separate punishment has been provided.

25. Whoever fails to comply with any provision of this Act for which no separate penalty has been provided in this Act shall be punished with imprisonment for a term which may extend to one year, or with fine not exceeding one thousand rupees, or with both.

Prohibition of acceptance of foreign contribution.

[1][25A Notwithstanding anything contained in this Act, whoever, having been convicted of any offence under sub-section (1) of section 23 or section 25, in so far as such offence relates to the acceptance or utilisation of foreign contribution, is again convicted of such offence shall not accept any foreign contribution for a period of three years from the date of the subsequent conviction.]

Offences by companies.

26. (1) where an offence under this Act or any rule made thereunder has been committed by a company, every person who, at the time the offence was committed, was in charge of, and was responsible to, the company for the conduct of the business of the company, as well as the company, shall be deemed to be guilty of the offence and shall be liable to be proceeded against and punished accordingly:

Provided that nothing contained in this Sub-section shall render such person liable to any punishment if he proves that the offence was committed without his knowledge or that he had exercised all due diligence to prevent the commission of such offence.

(2) Notwithstanding anything contained in sub-section (1), where an offence under this Act or any rule made thereunder has been committed by a company and it is proved that the offence has been committed with the consent or connivance of, or is attributable to any neglect on the part of, any director, manager, secretary or other officer of the company, such director, manager, secretary or other officer shall also be deemed to be guilty of that offence and shall be liable to be proceeded against and punished accordingly.

Explanation. –For the purposes of this section, -

(a) "company" means any body corporate and includes a firm, society, trade union or other association of individuals; and

(b) "director" in relation to a firm, society, trade union or other association of individuals, means a partner in the firm or a member of the governing body of such society, trade union or other association of individuals.

Bar to prosecution of offences under the Act.

27. No court shall take cognisance of any offence under this Act, except with the previous sanction of the Central Government or any officer authorised by that Government in this behalf.

Investigation into cases under the Act.

28. Notwithstanding anything contained in the Code of Criminal Procedure, 1973, any offence punishable under this Act may also be investigated into by such authority as the Central Government may specify in this behalf and the authority so specified shall have all the powers which an officer-in-charge of a police station has while making an investigation into a cognisable offence.

2 of 1974.

---

[1] Ins. By Act 1 of 1985, s 9 (w.e.f. 20-10-1984)

-12-

**Protection of action taken in good faith.** 29. No suit or other legal proceedings shall lie against the Central Government in respect of any loss or damage caused or likely to be caused by anything which is in good faith done or intended to be done in pursuance of the provisions of this Act or, any rule or order made thereunder.

**power to make rules.** 30. (1) The Central Government may, by notification in the Official Gazette, make rules for carrying out the provisions of this Act.

(2) In particular, and without prejudice to the generality of the foregoing power, such rules may provide for all or any of the following matters, namely:

(a) the time within which, and the manner in which, intimation is to be given by an association referred to in section 6, with regard to the foreign contribution received by it;

(b) the limits up to which receipt of scholarships, stipends or payments of like nature need not be intimated to the Central Government;

(c) the time within which, and the manner in which, intimation is to be given by persons receiving any scholarships, stipend or any payment of a like nature from a foreign source;

(d) the time within which, and the manner in which a candidate for election should give intimation as to the amount of foreign contribution received by him at any time within one hundred and eighty days from the date when he became such a candidate

(e) the form and manner in which an application shall be made for obtaining prior permission of the Central Government to receive foreign contribution or foreign hospitality

(f) the manner of service of the prohibitory order made under section 12;

(g) the form and manner in which account or record referred to in section 13 shall be maintained;

(h) the limits up to which an officer, not below the rank of an Assistant Sessions Judge, may make adjudication of confiscation;

(i) any other matter which is required to be, or may be prescribed.

(3) Every rule made by the Central Government under this Act shall be laid, as soon as may be after it is made, before each House of Parliament while it is in session for a total period of thirty days which may be comprised in one session or in two or more successive sessions, and if, before the expiry of the session immediately following the session or the successive sessions aforesaid, both Houses agree in making any modification in the rule or both Houses agree that the rule should not be made, the rule shall thereafter have effect only in such modified form or be of no effect, as the case may be; so, however, that any such modification or annulment shall be without prejudice to the validity of anything previously done under that rule.

**Power to exempt.** 31. If the Central Government is of opinion that it is necessary or expedient in the interests of the general public so to do, it may, by order and subject to such conditions as may be specified in the order, exempt any association (not being a political party), organisation or any individual (not being a candidate for election) from the operation of all or any of the provisions of this Act and may, as often as may be necessary, revoke or modify such order.

**Act not to apply to Government transactions.** 32. Nothing contained in this Act shall apply to any transaction between the Government of India and the Government of any foreign country or territory.